THE STATE EX REL. R. H. DUNN. V. JOHN T. THOMPSON.

No. 676.

1. **Jurisdiction of Supreme Court—Contested Elections.**
   Under Act of April 13, 1892, section 5, subdivision 3, it is enacted, that the judgment of the Courts of Civil Appeals shall be conclusive in "all cases of contested elections of every character, other than for State offices, except where the validity of a statute is attacked by the decision." ............. 229

2. **Office of County Clerk.**
   A county clerk is not a State officer in the sense used...................... 229

3. **Quo Warranto.**
   A proceeding by information in the nature of quo warranto has for its primary object the contesting of the correctness of the result of the election under which the respondent holds. The judgment of the Court of Civil Appeals is conclusive, and the Supreme Court has no jurisdiction to grant writ of error ..................................................... 229

APPLICATION for writ of error to Court of Civil Appeals for First District, in an appeal from Montgomery County.

*J. M. Lewis,* County Attorney, *Lock McDaniel,* and *Preston & Spencer,* for application. .

BROWN, ASSOCIATE JUSTICE.—This is a proceeding by information in the nature of a quo warranto by the State of Texas upon the relation of R. H. Dunn, to oust the appellee, Thompson, from the office of county clerk of Montgomery County, and to place the relator in possession of the office. The foundation of the proceeding was, as alleged, that the returning officers of two precincts in the county falsely and fraudulently returned for the relator less votes than he actually received, and that should have been counted for him by them, claiming that in fact the relator was elected by a majority of the votes cast, and was therefore entitled to possession of the office.

The question which arises upon this application is, has this court jurisdiction to grant a writ of error to the Court of Civil Appeals upon a judgment rendered by it affirming the judgment of the District Court?

Article 1011 of the Revised Statutes, as amended by Act of the Legislature organizing the Supreme Court under the late amendment to the Constitution, approved April 13, 1892, is in the following language: "That the Supreme Court shall have appellate jurisdiction coextensive with the limits of the State, which shall extend to all questions of law arising in civil cases of which the Courts of Civil Appeals have appellate but not final jurisdiction."

Section 5 of the Act of the Legislature organizing the Courts of Civil Appeals, approved April 13, 1892, in subdivision 3 provides: "The judgment of the Courts of Civil Appeals shall be conclusive in all cases upon the law and the facts in the following cases, nor shall a

writ of error be allowed thereto from the Supreme Court, to wit:    (4) All cases of contested elections of every character other than for State offices, except where the validity of a statute is attacked by the decision."

The validity of no statute is attacked in this case; and if the office in question is not a State office, and this is any *character of case for contesting* an election, the jurisdiction of the Court of Civil Appeals is final, its judgment is conclusive, and this court has no jurisdiction to grant a writ of error from that judgment.    By article 1012, Revised Statutes, as amended by Act of the Legislature organizing the Supreme Court, approved April 13, 1892, jurisdiction is conferred upon the Supreme Court to "issue writs of quo warranto or mandamus against any district judge or officer of the State government, except the Governor of the State."    In this article the distinction is made between a district officer and an officer of the State.    We understand the meaning of the law to be, that the judgments of the Courts of Civil Appeals in all contested elections shall be final and conclusive, except in cases of officers of the State as distinguished from county and district officers.    A county clerk is not, in the sense of the language used, a State officer.

This brings us to inquire, is this proceeding a case for contesting an election?

At the time this law was enacted, the Constitution had just been amended so as to confer upon the District Court jurisdiction to try contested elections, without any regard to the character of the proceeding or the value of the office in question.    It had been held, under the former Constitution, that a proceeding to contest an election was not a suit or complaint within the meaning of that Constitution, and since the jurisdiction conferred upon the District Court by the late amendment was broad enough to embrace all such proceedings, the Legislature undertook in this provision of the law to place a limit upon the right of appeal in all such proceedings.    This limitation was made as broad as the jurisdiction conferred, and in order to make it definite and certain beyond controversy, the words "of every character" were added.    This language, "all cases of contested elections of every character," means every kind and character of proceeding by which elections are sought to be contested in the courts of the State. A proceeding by information in the nature of quo warranto has for its primary object contesting the correctness of the result of the election as declared.    Its secondary purpose is to remove the intruder, and to install the person rightfully entitled to the office.    It is therefore a proceeding or case for the contest of an election; that is, one of that character of proceedings.    If the words, "all cases of contested elections," alone had been used, it might have been held that the limitation applied only to cases which were technically contested election cases; but to obviate that and make sure of the enforcement of legislative policy by the courts, the language "of every character" was

added, so that there could be no mistake that every character of proceeding having such object was included.

The reason for placing this restriction upon the right to a writ of error was, that all questions involving the right to hold any office, except a State office, should be speedily decided and the litigation ended. This reason applies with equal force to this character of proceedings as to that of a contest by any summary proceeding.

The application in this case is therefore dismissed for want of jurisdiction in this court to entertain it.

*Dismissed.*

Delivered May 6, 1895.