.COLE v. STATE ex rel. COBOLINI.†

(Court of Civil Appeals of Texas. San Antonio. Jan. 21, 1914. Rehearing Denied Feb. 18, 1914.)

1. QUO WARRANTO (§ 60*)—NATURE OF REMEDY—STATUTORY PROVISIONS.

In quo warranto by the state under Rev. Civ. St. 1911, arts. 6398–6404, the only judgment permitted is of ouster from office and the installation of the relator therein, while the contest of an election by an individual under articles 3046–3078 may result in the contestant obtaining a certificate of his election or in a declaration of the illegality of the election and the ordering of another.

[Ed. Note.—For other cases, see Quo Warranto, Cent. Dig. § 71; Dec. Dig. § 60.*]

2. QUO WARRANTO (§ 32*) — PARTIES PLAINTIFF.

The relator in quo warranto under Rev. Civ. St. 1911, arts. 6398–6404, is the real plaintiff, and the state is merely a nominal party.

[Ed. Note.—For other cases, see Quo Warranto, Cent. Dig. § 39; Dec. Dig. § 32.*]

3. QUO WARRANTO (§ 60*) — PROCEEDING — JUDGMENT.

In quo warranto by the state on relation of an individual under Rev. Civ. St. 1911, art. 6402, defining the judgment to be rendered therein, the district court could oust defendant from the office of mayor without attempting to install the relator therein.

[Ed. Note.—For other cases, see Quo Warranto, Cent. Dig. § 71; Dec. Dig. § 60.*]

4. ABATEMENT AND REVIVAL (§ 4*)—ANOTHER ACTION PENDING.

The rule of the common law that a suit pending between two parties on a certain cause of action would be cause for abating a second suit between the same parties on the same cause of action in courts of the same jurisdiction is not the rule in Texas.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 25–28; Dec. Dig. § 4.*]

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Quo warranto by the State of Texas, on relation of Louis Cobolini, against A. B. Cole. From a judgment ousting defendant from office, he appeals. Affirmed.

G. R. Scott and Boone & Pope, all of Corpus Christi, and R. B. Creager, J. A. Graham, and Renfro & Cole, all of Brownsville, for appellant. John I. Kleiber, of Brownsville, James R. Dougherty, of Beeville, and Harbert Davenport and Jas. B. Wells, both of Brownsville, for appellee.

FLY, C. J. This is a quo warranto suit instituted by the state of Texas, through the district attorney, upon the relation of Louis Cobolini, against appellant to oust him from the office of mayor of the city of Brownsville. By amendments the state of Texas set up the invalidity of the election and asked that it be declared null and void. Upon the trial of the cause the court held that the election was null and void, and set it aside.

The pleadings of appellee consist of an original petition and a number of trial amendments and supplemental petitions, and together with the pleadings of appellant cover 188 pages of the typewritten transcript. The parties should have been compelled to replead their case so as to have avoided the great volume of the pleadings, as well as the useless confusion naturally arising from such manner of pleading, and which entail an unnecessary amount of labor upon the appellate court. The agreement of the parties to waive all objections to the informalities in the pleadings does not lessen the labor of this court, nor obviate the difficulties attending the investigation of the pleadings.

[1] This is a case instituted by the state of Texas, and the only authority given for such suit is found in title 114, Rev. Stats. 1911, in which the judgment that can be rendered is distinctly defined. In article 6402 of the title named, it is provided: "In case any person or corporation against whom any such proceeding is filed shall be adjudged guilty, as charged in the information, the court shall give judgment of ouster against such person or corporation from the office or franchise, and may fine such person or corporation for usurping, intruding into or unlawfully holding and executing such office or franchise, and shall also give judgment in favor of the relator for costs of the prosecution." No other judgment in a quo warranto case is prescribed or authorized by the laws of this state. The sole authority to bring a suit conferred upon the state in connection with elections is to oust an intruder from an office unlawfully held by him and to fine him for his usurpation. Chapter 8, tit. 49, Revised Statutes of 1911, has reference to contested elections, and the authority to proceed thereunder is given to the citizen claiming an office, and no power is conferred upon the state in connection therewith. In that chapter is given the only authority in the law of Texas to a court to declare an election void and direct the proper officers to order another election. Article 3063. "A proceeding by information in the nature of quo warranto has for its primary object contesting the correctness of the result of the election as declared. Its secondary purpose is to remove the intruder, and install the person rightfully entitled to the office." State v. Thompson, 88 Tex. 228, 30 S. W. 1046. In the case of State v. De Gress, 53 Tex. 387, it is held: "Our opinion is that the statute in effect but provides for a civil suit in the name of the state to oust one who holds an office in violation of law, or a corporation exercising franchises which it has forfeited." In that case the distinction is made between actions by quo warranto and proceedings in contested elections, and the same distinction is made in the case of McAllen v. Rhodes, 65 Tex. 348.

In the case of Williamson v. Lane, 52 Tex. 335, Chief Justice Moore thus states the difference between a suit for an office and a

contest of an election: "In one case, the immediate right of the plaintiff to the office and its fees and emoluments is the purpose and direct subject-matter of the suit; while, in the other, the right to the office may result as a consequence from the contest, but is not its primary object, and may not follow from it although the contestant may prove successful. The primary and direct purpose and effect of the contest is to pass upon and determine * * * whether the contestant was in fact justly entitled to the certificate of election. The power of the officer or tribunal before whom the contest is conducted is limited to the mere award of the certificate of election to the successful contestant, or of ordering another election." In other words, a contest of an election by an individual may result in his obtaining a certificate of his election or in a declaration of the illegality of the election and the ordering of another, while in a case by quo warranto the only judgment permitted is one of ouster from the office and the installation of the relator therein. The proceeding in quo warranto is governed in this respect by the statute on that subject, and courts have no power thereunder not conferred by the statute. Williams v. State, 69 Tex. 368, 6 S. W. 845. "The two remedies are distinct, the one belonging to the elector in his individual capacity, as a power granted, and the other to the people, in the right of their sovereignty." McCrary Elections, § 395.

In the original petition filed by the district attorney, and verified by the affidavit of the relator, the prayer was that appellant be ousted from the office and relator declared entitled to the same, and the court granted leave to file the same, stating in his order that the petition was to the effect that appellant had usurped the office of mayor. That petition and order were in strict compliance with the statute. The first amendment, which is styled a trial amendment, although filed two months before the trial, is not in accord with the original petition, nor is the second trial amendment. After the trial had been in progress for over two months, a third trial amendment was filed, in which it was asked that relator be declared duly elected, "or, if this cannot be done, then that said election be declared null and void." The district attorney and relator seem to have dissolved connection with each other at this stage of the proceedings, and the latter did not join in asking for an order nullifying the election, an object totally foreign to the design of the suit allowed by the court to be filed.

The Supreme Court, while, in the instances hereinbefore cited, seems to sustain the position that a quo warranto proceeding cannot do more than oust the usurper and install the relator, in other instances it has treated a quo warranto just as it would a contested election case. There is much confusion in such cases in Texas, even to the extent that at times the exclusive jurisdiction of Courts of Civil Appeals given by statute is recognized (State v. Thompson, 88 Tex. 228, 30 S. W. 1046), and then again the Supreme Court, by refusing or granting writs of error, assumes jurisdiction over county and city elections (Griffin v. State, 147 S. W. 328; Pease v. State, 155 S. W. 657). The Griffin-State Case was a quo warranto proceeding in regard to the office of commissioner of the city of Corpus Christi. A writ of error was applied for and refused. The Pease-State Case was a proceeding by quo warranto to oust Pease from the office of mayor of Corpus Christi. This court sustained the trial court in ousting Pease, and the Supreme Court granted a writ of error. Article 1591, Rev. Stats., gives Courts of Civil Appeals final jurisdiction in all contested election cases of every character, except for state officers, when the validity of a statute is not attacked. In the case of State v. Thompson, 88 Tex. 228, 30 S. W. 1046, a proceeding in the nature of quo warranto to oust a man from the office of county clerk, Judge Brown said: "The validity of no statute is attacked in this case; and if the office in question is not a state office, and this is any character of case for contesting an election, the jurisdiction of the Court of Civil Appeals is final, its judgment is conclusive, and this court has no jurisdiction to grant a writ of error from that judgment." The election cases in which writs of error were either refused or granted were passed on before the enactment of the law of 1913 which, although ostensibly passed to relieve the Supreme Court, by decreasing its jurisdiction, is a dragnet that seems to give that court jurisdiction of all cases decided by the Courts of Civil Appeals under the guise that they have "erroneously declared the substantive law of the case," whatever that may mean.

Not only has there been confusion as to the jurisdiction of the Supreme Court in election cases, but also in regard to the office of a quo warranto, and the position occupied by the state in such proceedings. In the case last cited, it was held that a proceeding in the nature of quo warranto was a proceeding to contest an election, although the power under such a proceeding is limited to first determining "the result of the election as declared," and then "to remove the intruder, and to install the person rightfully entitled to the office." The power to declare an election void and set it aside is not recognized therein.

[2] In the case of McAllen v. Rhodes, 65 Tex. 348, it was held that: "The relator in quo warranto proceedings is the real plaintiff, and the position of the state is that of a nominal party. Practically, the state's attorneys take no part in the proceeding, and the plaintiff's side of the case is represented by the relator's counsel alone." That is our conception of the law, and yet in the case appealed to this court the attorney for the

nominal party took control and placed himself in direct antagonism to the relator.

In the cases of Hunnicutt v. State, 75 Tex. 233, 12 S. W. 106, and Mathews v. State, 82 Tex. 577, 18 S. W. 711, the McAllen-Rhodes Case seems to have been ignored, although cited, and it was held that the state's attorney has exclusive control of quo warranto proceedings.

[3] Although the district court may not have had the authority to set aside the election, it had the statutory power to oust the intruder from the office of mayor, and this the judgment did, without attempting to install the relator therein. The reasons given were that neither of the parties was elected, but those reasons, whether sound or not, should not affect the ouster of the usurper of the office of mayor. Upon a careful reconsideration of the evidence, we conclude that the court was justified in finding that the facts showed that appellant was not elected to the office of mayor and was not entitled to hold it.

The evidence indicates that a number of officers were voted for at the same time that the election for mayor was held, and, if the judgment declaring the election void as to the mayor should be upheld, it would have the effect of ousting all of the officers from their positions, without giving them a hearing, and, not providing for another election, the city government would be destroyed, unless the officers had been re-elected and could hold over until their successors were elected and qualified. The office of mayor has been properly vacated by the court, and, although a new election was not provided, it is the duty of the city council to call an election for mayor at once. It must be presumed that the council will perform its duty; but, if not, the citizenship of Brownsville can compel a compliance with that duty.

[4] The first and second assignments present error in the court refusing to abate this suit, the abatement being sought on the ground that another suit was pending when this was instituted, it being a suit in which the same issues were involved and between the same parties. The pleas in abatement were properly overruled. The rule of the common law that a suit pending between two parties on a certain cause of action would be cause for abating a second suit between the same parties on the same cause of action in courts of the same jurisdiction is not the rule in Texas. Garza v. Piano Co., 126 S. W. 906; Liberty Milling Co. v. Continental Gin Co., 132 S. W. 856. The plaintiff in the suit could elect which of the two suits he would try. Pullman Co. v. Hoyle, 52 Tex. Civ. App. 534, 115 S. W. 318. The trial of the second suit, if the two suits were between the same parties on the same cause of action, would amount to an election to abandon the first suit. In the first suit, however, Cobolini and Cole were the parties, and in the latter the state of Texas, upon the relation of Cobolini, brought the suit.

The third, fourth, fifth, sixth, and seventh assignments of error are overruled. The facts were sufficiently alleged in the petition in regard to the ballots, voting booths, and the elections in the first, second, and third wards.

We have never known of a more flagrant disregard of the rights of electors than that which characterized the election in question. The secrecy of the ballot was destroyed, and the adherent of the different factions was forced to proclaim the ticket he would vote by wearing the colors of his clan, and then they were let into the voting booths, one at a time, first from one company and then from another. Large numbers were disfranchised by not being provided with sufficient voting boxes, or by having officers of election who time and again halted the voting to engage in unseemly wrangling and disputes. It may have been a custom to hold elections as this was held, but the court properly decided that such custom could not be entertained to justify acts that made the rights of voters a plaything for election officers, and rendered the election a solemn farce. If such mode of election is the customary one in the city of Brownsville, the day is ripe for a change. Factions should not be allowed to tag their followers with red or blue ribbons, but the voters should come to the polls when they so desire and cast their ballots without proclaiming to the world for whom they intend to vote. There can be nothing akin to purity and fairness of election under what appellant sought to show was a system approved by time and custom in Brownsville.

Our former opinion is withdrawn, our former judgment set aside, and the judgment of ouster of appellant is affirmed.