CITY OF BROWNSVILLE v. KINDER.
(No. 5533.)

(Court of Civil Appeals of Texas. San Antonio.
Nov. 10, 1915. Rehearing Denied
Dec. 15, 1915.)

1. ELECTION OF REMEDIES ⬡➥7—WHAT CONSTITUTES.

Where a city attorney sued the city to recover salary at the rate of $100 per month for two months, his trial of such suit was an election to abide by the result, and amounted to an abandonment of his suit to enjoin the enforcement of an ordinance reducing his salary to $25 a month, since the institution of two suits, by the same plaintiff, involving the same issues and subject-matter, against the same defendants, and trial of one of them, amounts to an election to abide by the result in the case tried, and the judgment therein is res adjudicata of the issues in the other case.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. § 12; Dec. Dig. ⬡➥7.]

2. MUNICIPAL CORPORATIONS ⬡➥164—REDUCTION OF SALARY—STATUTE.

Rev. St. 1911, art. 816, applying to the salaries of officers of a city incorporated under the provisions of the title, provides that the salaries of the mayor and officers elected or appointed by the city council on or before the 1st day of January next preceding every election shall be fixed by the council, and that the compensation so established shall not be changed during the term for which the officers shall be elected or appointed. Article 784 provides that the treasurer, assessor, collector, secretary, city attorney, marshal, and city engineer, shall be elected by the qualified electors and hold their offices for two years, etc. Held, that the word "elected," in article 816, refers to the officers mentioned in article 784, and does not mean officers "elected" by the city council, as no such term is used as to its appointees, so that an attempted reduction of salary of the city attorney, during the term for which he was elected, was void.

[Ed. Note.—For other cases, see Municipal Corporations, Cent.Dig. § 370, 371; Dec.Dig.⬡➥164.]

Appeal from Cameron County Court; H. L. Yates, Judge.

Action by T. A. Kinder against the City of Brownsville. Judgment for plaintiff for $200, and defendant appeals. Affirmed.

Graham, Jones, West & George, of Brownsville, for appellant. H. W. Williams, Ira Webster, and Harbert Davenport, all of Brownsville, for appellee.

FLY, C. J. Appellee, the duly elected and qualified city attorney of the city of Brownsville, sued the latter to recover his salary of $100 a month for the months of January and February, 1915. The cause was heard by the trial judge, and judgment rendered in favor of appellee for the sum of $200, of which $100 bears interest at 6 per cent. from February 1, and the other $100 bears the same interest from March 1, 1915.

[1] It seems that at the time of the trial of this cause a suit was pending in the district court of Cameron county in which the enforcement of a certain ordinance passed by the city council, having for its object the reduction of the salary from $100 to $25, was sought to be enjoined by appellee, as against appellant. Appellant sought by a plea of abatement to procure a dismissal of this suit, or that in the district court. The plea was denied by the trial judge, and that action is made the subject of the first assignment. If it be admitted that the cases involve the same issues and the same parties, and that appellee should have been compelled to elect which one he would try, we are of the opinion that his trial of the cause was such election and amounted to an abandonment of the other suit. Where two suits are instituted by the same plaintiff, involving the same issues and subject-matter, against the same defendants, the trial of one of them amounts to an election to abide by the result in that case and the judgment therein would be res adjudicata of the issues in the other case. Pullman v. Hoyle, 52 Tex. Civ. App. 534, 115 S. W. 315; Cole v. State, 163 S. W. 353.

[2] The evidence is conclusive that the city of Brownsville is incorporated under the provisions of title 22, Texas Statutes, and that therefore article 816 applies to the salaries of its officers. In that article it is provided that the salaries of the mayor and officers elected or appointed by the city council on or before the 1st day of January next preceding each and every election be fixed by the city council, "and the compensation or salary so established shall not be changed during the term for which said officers shall be elected or appointed." It is provided in article 784 that the treasurer, assessor, collector, secretary, city attorney, marshal, and city engineer shall be elected by the qualified electors and shall hold their offices for two years and until the election and qualification of their successors. The only provision made for the salaries of the elected officers is in article 816. It is clear that the word "elected," used in that article, refers to those mentioned in article 784, and does not mean officers elected by the city council, as no such term is used as to appointees, and they are described as those "appointed by the city council."

The statute was followed in fixing the salary of the city attorney at $100 a month, and afterwards at a regular election held on April 7, 1914, appellee was elected city attorney by the voters of the city of Brownsville for a term of two years and duly and legally qualified as such, and has since that time performed the duties of the office. Under the statute the attempt made to reduce the salary of appellee by the council, in December, 1914, was null and void. It was directly in the face of the plain and unmistakable provisions of the statute, the only part of article 816, that is absolutely mandatory. City of Uvalde v. Burney, 145 S. W. 311. The authorities offered by appellant do not in any way justify appellant in its plain disregard of the law.

The judgment is affirmed.

⬡➥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes