CITY OF BROWNSVILLE v. KINDER.
(No. 6055.)

(Court of Civil Appeals of Texas. San Antonio. May 29, 1918. Rehearing Denied June 21, 1918.)

1. MUNICIPAL CORPORATIONS ⬸164—REDUCTION OF SALARY—STATUTE.

Rev. St. 1911, art. 816, applying to the salaries of officers of a city incorporated under the provisions of the title, provides that the salaries of officers appointed by the city council on or before the 1st day of January next preceding every election shall be fixed by the council, and that the compensation so established shall not be changed during the term. Article 784 provides that the city attorney shall be elected by the qualified electors and hold office

for two years, etc. The city adopted a commission form of government, the charter providing that the present city attorney should hold office and enjoy emoluments thereof until the first Tuesday in April, 1916. By an ordinance passed on May 26, 1913, a salary of $100 per month was appropriated for the city attorney. *Held*, that such ordinance established his salary, that under the new charter he was entitled to enjoy it, and that it could not be reduced before expiration of his term in April, 1916.

2. MUNICIPAL CORPORATIONS ⬸122(2) — OFFICERS—SALARIES.

Where ordinance appropriated money "until further commanded by order of the city council" to pay city attorney's salary, it must be presumed that the appropriation was made within Rev. St. 1911, art. 816, and was intended to provide for payment of officers to be elected in the following year.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge. ·

Action by T. A. Kinder against the City of Brownsville. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 180 S. W. 623.

Amos Rich and James A. Graham, both of Brownsville, for appellant. H. W. Williams, Ira Webster, J. T. Canales, and Harbert Davenport, all of Brownsville, for appellee.

FLY, C. J. Appellee sued for and recovered from appellant the sum of $1,350 salary as city attorney. Appellant admitted that it had made appropriations to cover, at different times, the salary of appellee, but denied that an ordinance had ever been passed fixing the salary of appellee at $100: that no ordinance was passed by appellant fixing such salary until July 17, 1911, when the salary was fixed at $600 per annum, payable in monthly installments, and that on December 28, 1914, the salary of the city attorney was fixed at $25 a month. The cause was tried by the court, without a jury, and judgment rendered in favor of appellee for $1,350. Appellant pleaded a cross-action against appellee, but it was denied by the court.

[1] It was agreed by the parties that for ten years prior to December 14, 1914, appellant had been incorporated under the general laws for cities of less than 10,000 population, and duly elected its officers, among the number a city attorney; that on July 10, 1915, the commission form of government was adopted for appellant by the qualified voters therein; that an election was held on December 14, 1914, and a special charter adopted for the commission form of government, and a mayor and four commissioners were elected for two years from the date of their election and qualification. It was further agreed that the charter provided:

"Upon their qualification such mayor and commissioners shall be and constitute the governing body and authority of the city of Brownsville, and shall thereafter administer its affairs agreeably to the provisions of this charter, provided that the present city secretary, city treasurer, city assessor and collector, city attorney

---

and city marshal shall hold and retain their respective offices, if they so desire, and enjoy the emoluments thereof, as now provided, until the first Tuesday in April, A. 'D. 1916."

It was also agreed that in cause No. 985 in the county court there had been an agreement between the parties:

"That there was in existence a valid subsisting city ordinance fixing the salary of T. A. Kinder at $100.00 per month at and before he was elected at the general city election in April, 1914, and while that ordinance was in full force and effect, the ordinance of December 28, 1914, to reduce his salary to $25.00 per month was passed."

In the county court case was litigated the right of appellee to recover the salary of $100 a month for January and February, 1915, and appellee recovered judgment for the amount sued for, and upon appeal to this court that judgment was affirmed, and an application for a writ of error was dismissed for want of jurisdiction by the Supreme Court, and the judgment has been fully paid. The amount of appellee's salary was fully paid until January and February, 1915, but beginning with March, 1915, the salary was not paid for the balance of the time appellee served appellant. The ordinance of December 28, 1914, was regularly passed several months after appellee's election for two years, in April, 1914.

If the salary of appellee had been fixed by an ordinance which was in existence at the time appellee was elected in April, 1914, it could not be changed or repealed during the term of two years for which he had been elected. Brownsville was first incorporated under the provisions of title 22, Revised Statutes, and in article 816 of that title it is provided that the salaries of the mayor and officers elected or appointed by the city council shall be fixed by the city council before January 1st next preceding each election, "and the compensation or salary so established shall not be changed during the term for which said officers shall be elected or appointed." In article 784, it is required that the treasurer, assessor, collector, secretary, city attorney, marshal and engineer shall be elected by the qualified voters for a term of two years. Brownsville v. Kinder, 180 S. W. 623.

By an ordinance passed on May 26, 1913, it was provided that certain sums should be appropriated for the salaries of the officers of the city of Brownsville, among the number being the salary of $100 per month for the city attorney. That ordinance had the effect of fixing the salary, because it would have been of no avail to appropriate a salary that had not been fixed and determined upon by law. The Supreme Court of Texas, in Conley v. Daughters of the Republic, 106 Tex. 80, 156 S. W. 197, 157 S. W. 937, has gone to the extreme of holding that an appropriation of $5,000 to improve the Alamo and to be expended under the direction of the superintendent of public buildings and grounds upon the approval of the Governor had the effect of setting aside a statute which placed the Alamo property in San Antonio in the hands of the Daughters of the Republic of Texas, to be maintained and remodeled, and permitting the Governor to assume control of the grounds and oust the custodians. It will not be a forced construction to hold that an appropriation for a salary created the salary. In the case cited there was nothing in the caption of the general appropriation bill to show any desire to repeal or impair the former statute, but it was held nevertheless that it did so, and granted powers to the Governor, by an appropriation, that virtually destroyed the former law. The ordinance in question was natural and pertinent to the question of salaries, and by the appropriation for the salaries created the salaries. The ordinance had the effect of setting aside all former ordinances in conflict with it. That ordinance was in effect when appellee was re-elected in 1914, and it fixed his salary for two years from that time. It was passed before January, 1914, and fixed the salaries of the city officers who were chosen at the following election in April, 1914. The attempt to change the salary of appellee, made by the ordinance of December 28, 1914, was null and void, and did not affect the salary fixed when the city attorney was elected. The new charter was adopted on December 14, 1914, and in that charter it was provided that certain officers, among the number the city attorney, "shall hold and retain their respective offices, if they so desire, and enjoy the emoluments thereof as now provided until the first Tuesday in April A. D. 1916." It will be presumed that when the voters adopted that charter they intended that the city attorney should "enjoy the emoluments" legally fixed by ordinance, and not the illegal reduction of the salary afterwards made in December, 1914. The emoluments then provided were the $100 a month appropriated on May 26, 1913. The matters of law in this case have been before this court before, the same parties being concerned and the same issues arising, and the litigation should have been ended by our former opinion. 180 S. W. 623. The plea of res adjudicata has not been interposed in the present case, however, as it should have been, and the whole of the issues have been gone over again. That the action of the council on May 26, 1913, was through the medium of an ordinance, and not a mere resolution, we think is clear. It was providing for salaries for two years, is called an ordinance, and it must be presumed that everything necessary to make it an ordinance was done. San Antonio v. Micklejohn, 89 Tex. 79, 33 S. W. 735.

[2] It is the contention of appellant that each of the ordinances specially limits the appropriation for salaries to one year, and that is undoubtedly true as to most of them, but the ordinance of May 26, 1913, makes the appropriation "for the support, maintenance, and to pay the current expenses and obligations of the city of Brownsville, Texas,"

and the treasurer was authorized to pay the appropriations "until further commanded by order of the city council of said city." There is no limitation as to time, and it must be presumed that the appropriation was made in compliance with the terms of article 816, Revised Statutes of Texas, and was intended to provide for the payment of the officers to be elected in April, 1914. Appellee was duly elected to the office of city attorney at that election, and his salary, which was fixed by the ordinance of May 26, 1913, could not be changed during the term for which he was elected. If the change of charter would have destroyed the office and emoluments, it was remedied by a provision of the charter which continued the office and salary to the end of the two-year term.

The judgment is affirmed.