**MARSHALL et al. v. MAYFIELD et al.**
**(No. 164–3163.)**

(Commission of Appeals of Texas, Section A.
Feb. 23, 1921.)

1. **Election of remedies ⬅⬆12—Vendor electing to sue for title waived right to foreclose.**

Vendors prosecuting a suit to final judgment under a claim of superior title as vendors thereby waived their right of foreclosing a vendor's lien in a subsequent action, although they lost in the first action.

2. **Election of remedies ⬅⬆12—No action to foreclose vendor's lien after attempting action to recover land which was barred.**

Vendor's attempt to recover land by virtue of his superior title, in an action of trespass to try title, after such action was barred by Acts 33d Leg. (1913) c. 123 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5695), was an election of remedies preventing an action on vendor's lien notes and to foreclose the lien.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by J. E. Mayfield and another against H. E. Marshall and others. From a judgment of the Court of Civil Appeals (198 S. W. 1073) affirming a judgment in favor of plaintiffs, the defendants bring error. Reversed and rendered.

H. E. Marshall, of Houston, for plaintiffs in error.

C. R. Wilson, of Liberty, for defendants in error.

TAYLOR, J. · On November 15, 1906, J. E. Mayfield conveyed to Alfred Tullos a certain tract of land, retaining a vendor's lien to secure the payment of three notes for the sum of $43.75 each, executed by Tullos, payable to Mayfield, due one, two, and three years after date, respectively. Mayfield transferred the notes to A. A. Richards in 1910, who in turn, in 1912, transferred them

to Mrs. Kate Mayfield, wife of J. E. Mayfield.

On January 11, 1916, Mrs. Mayfield, joined by her husband, sued Tullos and his tenant in trespass to try title to the land on which the vendor's lien had been retained; the cause being numbered 5214 on the docket of the district court. Tullos, during the pendency of the suit, and prior to the date of the trial, sold to H. E. Marshall and D. J. Harrison an undivided one-half interest in the land. Marshall and Harrison purchased with notice of the notes and lien.

Tullos and his tenant answered by plea of not guilty. They pleaded also the four-year statute of limitation, both as to the right of plaintiffs to recover the land in virtue of being holders of the superior title as vendors, and as to their right to foreclose the lien securing the payment of the notes. The limitation plea, while defective, and inaccurately drawn, was sufficient to raise both the issue of plaintiffs' right to recover the land and their right to foreclose the vendor's lien.

Trial was had upon the merits of the case. Plaintiffs introduced in evidence the unpaid notes executed by Tullos. They were introduced as constituting the basis of plaintiffs' right to recover the land as holders of the superior title, and also for the purpose of showing the land had not been paid for.

Judgment was rendered in favor of defendants on March 1, 1916, which has not been appealed from, nor has it been set aside or annulled. Subsequently, to wit, July 15, 1916, Mayfield and his wife filed this suit against Tullos and his vendees, Marshall and Harrison, to recover the amount due on the Tullos notes, and for foreclosure. Marshall and Harrison were made parties defendant on account of having purchased a one-half interest in the land.

Tullos, Marshall, and Harrison pleaded an election of remedies. They pleaded also in bar, and as res adjudicata, the judgment rendered in cause No. 5214. Upon the trial of the case the court rendered judgment for Mayfield and his wife for the amount due on the notes, and for foreclosure. Marshall and Harrison appealed. The Court of Civil Appeals affirmed the judgment. 198 S. W. 1073.

Marshall and Harrison, in their application for the writ, assigned as error, among others, the holdings of the Court of Civil Appeals on the issue of the election of remedies. The assignments, in our opinion, should be sustained.

Defendants in error, while suing generally in trespass to try title, sought in the first suit to recover the land as holders of the superior title. Their cause of action and claim of title was grounded upon the nonpayment of the notes sued on in this action. At the time of filing the first suit two remedies were open to defendants in error, to wit: To rescind the contract of sale and sue to recover the land, or to foreclose the vendor's lien. The remedies were alternative and could have been asserted as such. McCutcheon & Church v. Smith, 229 S. W. ——; Gardener v. Griffith, 93 Tex. 355, 55 S. W. 314.

[1] Defendants in error were not entitled, however, to assert both remedies. They chose the former in the institution of their first suit. Had they recovered judgment for the land in that action, and subsequently filed another suit against Tullos to recover on the notes, he would have been entitled to set up in bar the judgment in the first. It is evident that defendants in error would not have been entitled to rescind the sale and recover the land as holders of the superior title, and at the same time recover upon the notes as though there had been no rescission. An allowance of one remedy denies the existence of the other. Defendants in error, by prosecuting the first suit to final judgment under a claim of superior title as vendors, waived their right of foreclosure. They were thereby estopped to subsequently sue to foreclose. It is true that they did not recover the land in the first suit, but the same issue relating to the right of recovery on the notes was adjudicated as would have been adjudicated if they had recovered the land. Whether they lost or recovered in the first action cannot be made the test of whether plaintiffs in error were entitled to plead the judgment in the first suit as a bar to recovery in this suit. Ward v. Green, 88 Tex. 177, 30 S. W. 864; Stratton v. Insurance Co. (error denied) 182 S. W. 6.

[2] This is not a case in which the remedy elected did not exist as such. While it may have been rendered useless because of a peculiar state of facts disclosed upon the trial, it nevertheless existed. It will not be denied that defendants in error were entitled at one time to rescind and recover the land in the absence of payment of the notes. The Legislature had theretofore merely curtailed the period within which the remedy could be asserted. Gen. Laws 33d Leg. p. 251 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5695). It had not abrogated the remedy. The Legislature had not, in shortening the limitation period, inhibited those occupying the position of defendants in error from rescinding their contract of sale. The defendants in error exercised that right in the first suit, and the judgment rendered therein made such rescission irrevocable.

We recommend that the judgments of the trial court and Court of Civil Appeals be reversed, and that judgment be rendered in favor of plaintiffs in error.

PHILLIPS, C. J. The judgment recommended in this case by the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.