## SPENCER et al. v. BAUMGART et al.
### No. 5259.

Court of Civil Appeals of Texas. Amarillo.
Nov. 17, 1941.

Rehearing Denied Jan. 5, 1942.

Wynne & Wynne, of Wills Point, and Crenshaw, Dupree & Milam, of Lubbock, for appellants.

Greenwood, Moody & Robertson, of Austin, Bradley & Wilson, of Lubbock, Carl Rountree, of Lamesa, W. A. Griffis, Jr., of Seagraves, and R. H. Whilden, Scott Key, and Barksdale Stevens, all of Houston, for appellees.

FOLLEY, Justice.

This suit was filed by the appellants Lila Vee McFarland Spencer and husband, Guy G. Spencer, S. E. Cone and John W. Murchison, against the appellees, George Baumgart and wife, Dulcie Baumgart, and the Shell Oil Company to recover the title and possession of Section No. 829, Block D, John H. Gibson Survey, in Yoakum County, wherein the appellants attacked as void a certain attempted foreclosure judgment and sale thereunder and an asserted rescission by George Baumgart, the appellants tendering and offering to pay such purchase money and indebtedness as due against the land and all taxes and school land interest, and offering generally to do equity. The court sustained general demurrers filed by the appellees to appellants' fifth amended original petition; and, upon appellants' failure to amend, dismissed the suit.

The petition of the appellees in the instant case is similar to and involves substantially the same basic facts as the petition of the appellants in the case of Patterson et ux. v. Shell Petroleum Corporation et al., Tex.Civ.App., 143 S.W.2d 208, in which this court reversed the ruling of the same trial court sustaining a general demurrer to that petition. As we view the two cases the only distinction in them is that in the Patterson case there were certain allegations seeking to cancel a quitclaim deed to the land therein involved which was alleged to have been obtained from the Pattersons through fraudulent representations, whereas in the instant case no such issue is presented by the pleadings, and also in the case at bar additional allegations were made attempting to show that a rescission upon the part of Baumgart would be inequitable against Zella M. White and the appellants, her successors in interest.

The land involved in the Patterson case was the Northeast Quarter of Section 826 of Block D, while that in the instant case is Section 829 of the same block. As indicated in the opinion in the Patterson case Edward Randall is the common source of title of all the parties in this and the Patterson case. Without repeating the allegations here we refer to the former opinion to show the various transfers in the chain of title from Edward Randall through George Baumgart to Zella M. White, together with the indebtedness and liens created upon the lands involved, which include Section 829 in this case and the Northeast Quarter of Section 826 in the Patterson case. In the instant case the appellants made substantially these same allegations, and further alleged that although Mrs. White had sold the other lands purchased from Baumgart she never sold or conveyed Section 829, the land involved herein.

Having thus alleged title in Zella M. White the appellants further alleged that Lila Vee McFarland Spencer is the sole heir of Zella M. White, deceased since 1933, and that she and her husband had sold an undivided one-half interest in Section 829 to the appellant S. E. Cone for him to hold for himself and the other appellant John W. Murchison. They also alleged that they were in possession of the land on January 1, 1937, at which time they were dispossessed by the appellee under a claim of title and possession by a foreclosure suit in Cause No. 199 in the District Court of Yoakum County or under a pretended rescission by George Baumgart of his sale of the land to Mrs. Zella M. White. They further alleged, as did the appellants in the Patterson case, that in 1927 Baumgart filed suit in Cause No. 199 against Zella M. White and others in the District Court of Yoakum County to foreclose his lien; that in such suit he alleged the residences of the defendants were unknown; that citation by publication was issued therein; that no affidavit was made therefor; that judgment was rendered upon such service and order of sale issued; that the land was sold under said order of sale after the return day thereof; that such judgment and sale were therefore void; that Baumgart claims that at the time such suit was filed he notified Mrs. Zella M. White that several of the

fourteen notes executed by her for the land and payable to him were in default and that unless she paid the entire amount of the notes he would bring suit to foreclose against her; that appellants expressly denying any such notice would show the court that at such time only one of such notes could have been past due and, if past due, it was not past due for more than two or three months and no demand for payment was made; that the $13,008.60 recited consideration passing from Mrs. White to Baumgart in the purchase of the land was in truth and fact represented by an exchange of properties wherein Mrs. White and her husband conveyed to Baumgart certain hotel properties in the city of Clovis, New Mexico; that in the deed conveying the hotel property to Baumgart the latter assumed certain indebtedness existing against it; that at no time has Baumgart tendered or offered to return to Mrs. White or her heirs the hotel property nor the purchase money notes executed by her or a release for her assumption of the indebtedness due Edward Randall and his successors in interest; that long before there was any default in the performance of the contract by Zella M. White, and before Baumgart claimed any right of rescission, he sold or exchanged the hotel property in Clovis since which time he has not been in position to restore such property to Mrs. White; that Baumgart never at any time before or after filing his foreclosure suit advised or notified Mrs. White or her heirs that he intended to rescind the sale or in any wise abandon his foreclosure suit; that having pursued such suit to final judgment he waived his right of rescission and elected his remedy of foreclosure; that having retained the benefits of the transaction with Mrs. White it would be inequitable to permit him to assert any right of rescission and he was estopped to do so; that by reason of the premises any rescission claimed by Baumgart was wholly ineffective; that Cause No. 199 wherein the void foreclosure was attempted is still pending, the same never having been abandoned or dismissed; that appellants had filed answers therein and tendered all sums due or owing on the purchase money notes; that Baumgart is merely a mortgagee in possession under invalid foreclosure proceedings; that whatever right, title or claim the Shell Oil Company has in the land is under and through George Baumgart and was acquired with full knowledge of the invalidity of the foreclosure proceedings and said alleged rescission; and that the appellants in the instant cause offered to do full equity with reference to any amounts due Baumgart or any other person by virtue of any vendor's lien notes, assumption of indebtedness, taxes or other just amounts claimed against Mrs. Zella M. White or her vendees, assignees, heirs or those claiming under her, and tendered into open court any amounts ascertained by the court as due. Such were the allegations of the appellants' petition against which the general demurrer was sustained which action forms the basis of this appeal.

■■ We think our disposition of the Patterson case is controlling here. If our judgment was correct reversing the trial court in the Patterson case similar action is warranted herein notwithstanding the distinction in the pleadings of the two cases above mentioned which we think material only in that it tends to confirm the correctness of our present action. The absence in this case of the obstacle of a quitclaim deed for appellants to overcome as existed in the Patterson case, together with the fact that in the case at bar there are allegations relative to the inequities of allowing a rescission, make it all the more certain that the appellants herein have alleged a cause of action. If the allegations of the petition in this case are true, and we must presume them so to be, the judgment and sale in the 1927 foreclosure suit brought by Baumgart are void. The appellees therefore have neither title nor possession by virtue of that action. They are thus relegated to Baumgart's claim of rescission which under the pleadings we think must fall for two sufficient reasons. The first is that the allegations show an election of the remedy of foreclosure which has not been abandoned, and until such remedy is abandoned it precludes the alternative right of rescission. Hill v. Preston et al., 119 Tex. 522, 34 S.W. 2d 780 and authorities cited; Walls et al. v. Cruse et al., Tex.Com.App., 235 S.W. 199; Marshall et al. v. Mayfield et al., Tex.Com. App., 227 S.W. 1097; Gandy et al. v. Cameron State Bank, Tex.Civ.App., 2 S.W.2d 971, writ refused. In the second place the appellants have made allegations which, if true, would tend to make it inequitable for Baumgart to rescind, under which conditions a court of equity instead of Baumgart should determine the right of rescission. Yates et al. v. Darby, 133 Tex. 593, 131 S.W.2d 95; Tom v. Wollhoefer et al., 61 Tex. 277, 280.

The conclusions above expressed rest upon the assumption of the truth of the allegations of the petition, indulging every reasonable intendment in favor of the sufficiency thereof, and must not be construed as an expression of an opinion with respect to the merits of the case.

The judgment is reversed and the cause remanded.