Jesse R. CANTU et ux., Appellants,

v.

Carl A. BAGE, Jr., d/b/a Carl A. Bage, Jr., Home Builder, Appellee.

No. 7234.

Court of Civil Appeals of Texas, Beaumont.

April 29, 1971.

Carter, Callender & Branton, San Antonio, for appellants.

Morriss, Boatwright, Lewis & Davis, San Antonio, for appellee.

KEITH, Justice.

The appeal is from a summary judgment entered in favor of the defendant in a suit for damages based upon an alleged breach of a contract for the construction of a home, and we will refer to the parties as they appeared in the trial court. It appears from our record that the parties entered into an earnest money contract whereby the defendant was to build a home for the plaintiffs; and subsequently, a mechanic's lien contract was executed by the plaintiffs, but was not recorded. A dispute arose between the parties and plaintiffs filed two suits upon the same date. One, which we shall call the "title suit," sought the removal of the cloud cast upon plaintiffs' title by the existence of the mechanic's lien contract, and was filed in the 150th District Court. The other, which we shall refer to as the "damage suit," was filed in the 131st District Court, and is the case which we have under review. The defendant answered generally in both suits, and no efforts were made to consolidate the pending litigation.

The parties agreed to the entry of a judgment in the title suit, whereby the earnest money contract and the mechanic's lien contract were "cancelled, nullified and declared to be of no force and effect, and that said cloud on Plaintiffs' title, if any, be and it is hereby removed." The costs were divided between the parties. That judgment had become final when defendant moved for the entry of a summary judgment in the damage suit. He attached to his motion his own affidavit showing identity of the parties, of the subject matter, and copies of the pleadings and judgment in the title suit. Defendant asserted in his motion that the judgment in the title suit constituted res judicata. Plaintiffs responded by their affidavit and the cause came on for hearing on the motion at the appointed time. The court asked for written briefs from counsel and gave the parties a week within which to file such memoranda of authorities.

Plaintiffs attached to their memorandum an affidavit of their counsel wherein he sought to explain the settlement negotiations which culminated in the entry of the judgment in the title suit. This affidavit was stricken by the court upon motion of the defendant and judgment entered for the defendant. Plaintiffs appeal, contending that there was a genuine fact issue and that the court erred in striking the affidavit of their lawyer. We disagree and affirm the judgment of the trial court for the reasons now to be stated.

The oral negotiations between the parties with reference to the building of plaintiffs' home culminated in the execution of the earnest money contract and the mechanic's lien contract. The rights, duties, and obligations of the parties there-

upon became integrated into the writings. Cf. City of Pinehurst v. Spooner Addition Water Co., 432 S.W.2d 515, 518 (Tex.Sup., 1968). While the contract remained executory, defendant's material breach thereof authorized an action for rescission. Hausler v. Harding-Gill Co., 15 S.W.2d 548, 549 (Tex.Com.App., 1929). Or, plaintiffs could treat the contract as terminated and bring suit to hold the defendant responsible in damages flowing from the breach thereof. Greenwall Theatrical Circuit Co. v. Markowitz, 97 Tex. 479, 79 S.W. 1069, 1071 (1904). Plaintiffs chose to bring two actions in which they sought to exercise the remedies without reference one to the other.

■ We are not concerned here with the doctrine of an election of remedies since the two separate actions could have been prosecuted alternatively in one suit. Rules 47 and 48; McKenzie v. Carte, 385 S.W. 2d 520, 526 (Tex.Civ.App.—Corpus Christi, 1964, error ref. n. r. e.); Albright v. Long, 448 S.W.2d 564, 566 (Tex.Civ.App.—Amarillo, 1969, no writ). In our blended system of law and equity, plaintiffs could pursue each of such remedies simultaneously in the same suit. University State Bank v. Gifford-Hill Con. Corp., 431 S.W.2d 561, 574 (Tex.Civ.App.—Fort Worth, 1968, error ref. n. r. e.).

■ The rule against splitting of causes of action may be waived, it being a rule for the benefit of the defendant. Lloyds America v. El Paso-Hudspeth Counties Rd. Dist., 107 S.W.2d 1008, 1013 (Tex. Civ.App.—El Paso, 1937, error ref.). However, the rule is a branch of the broader doctrine of res judicata. Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76, 78 (1959). And, in Ogletree v. Crates, 363 S.W.2d 431, 435 (Tex.Sup., 1963) the court said:

"The rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former trial, as well as those

which were actually tried. Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97, 99, 47 Am.St.Rep. 79."

■ Thus, once the judgment in the title suit became final, such barred the further prosecution of the damage suit under the doctrine of res judicata. In White v. Bell, 290 S.W. 849, 851 (Tex.Civ.App.—Waco, 1927, error ref.), the court said:

"It seems to be the well-established rule of law in this state that, where a party has two separate, distinct, and inconsistent remedies, he may in the same suit ask for alternative relief, or he may elect which remedy he will pursue, and, if he elects a remedy where he has two separate, distinct, inconsistent remedies and prosecutes same to final judgment and loses, he is thereby barred from enforcing any other remedy. [Citations omitted.]"

More than a century ago, Justice Wheeler, in Haldeman v. Chambers, 19 Tex. 1, 52 (1857), expressed the rule in this manner:

"We think it clear that he [plaintiff] could not found a claim for damages upon the contract for the breach of it, after his agreement to rescind and actual rescission of it. By his voluntary rescission of the contract he waived any right he may have had to sue upon the contract. He could not maintain an action for damages for the breach of a contract, by which he chose not to abide, and which he elected to treat as no contract."

Cf. American Law Institute, Restatement of the Law of Contracts, § 381; Marshall v. Mayfield, 227 S.W. 1097, 1098 (Tex. Com.App., 1921).

Whether plaintiffs were or were not successful in the prior title suit, the judgment entered therein constituted a bar to the further prosecution of the damage suit. Marshall v. Mayfield, supra. The judgment in the title suit was res judicata as to the matters involved in the damage suit.

City of Brownsville v. Kinder, 180 S.W. 623 (Tex.Civ.App.—San Antonio, 1915, error dism.); 21 Tex.Jur.2d, Election of Remedies, § 10, at p. 208.

From our review of the case and the controlling authorities, we are of the opinion that the case presented a situation within the purview of Rule 166–A, and that there was no genuine issue of fact involved in the suit. Defendant discharged his burden of establishing that plaintiffs could not recover upon the cause of action then being asserted. Gibbs v. General Motors Corporation, 450 S.W.2d 827, 828 (Tex.Sup., 1970).

■ Plaintiffs' second point, complaining of the action of the trial court in striking the affidavit of their counsel filed a week after the hearing upon the motion for summary judgment, is wholly without merit. Upon the filing of the motion for summary judgment, the court entered an order setting a hearing thereon; at the appointed time and place, plaintiffs filed their reply to the motion for summary judgment, and it was supported by the affidavit of one of the plaintiffs. During the course of the hearing, the trial court gave plaintiffs' counsel a week within which to file his memorandum of authorities supporting his position. Counsel's affidavit, which was stricken, and of which complaint is now made, was not filed with leave of the court before the hearing, but was attached to his brief tendered to the court a week after the hearing.

Rule 166–A, Subsection (c), requires that the adverse party in such a proceeding serve his opposing affidavits "before the time specified for the hearing." The affidavit now under consideration was not so filed. The point does not reflect an abuse of discretion on the part of the trial judge and no error is shown. See the authorities collated in 4 McDonald, Texas Civil Practice, § 17.26.3 (1970 pocket parts, p. 60, et seq.).

The judgment of the trial court is affirmed.