CITY OF HALLETTSVILLE v. E. A. LONG ET AL.

No. 917.

**1. Official Bond—Sureties—Misrepresentation no Defense.**

In an action on a city collector's bond, the defendant sureties answered that plaintiff's city council that required and approved the bond, knowing that the collector was in default as to a prior term, failed to inform defendants of that fact, and in order to induce them to execute the bond falsely represented that such collector was not in default, but had discharged his duties with fidelity, which representations defendant relied on. Held, the matters pleaded presented no defense.

**2. Official Bond—Consolidation of Offices.**

Where the offices of city marshal and of city assessor and collector of taxes are consolidated, a bond required and approved by the city council binding the incumbent alone as collector, is valid, though less onerous than might have been required.

ERROR from Lavaca. Tried below before Hon. T. H. SPOONER.

*Paulus & Ellis,* and *Foard, Thompson & Townsend,* for plaintiff in error.—1. A bond required by law as a prerequisite to qualification to office, can be enforced as a statutory obligation, when it conforms substantially with the requirements of the statute. Sayles' Statutes,

arts. 344, 366; Rose v. Winn, 51 Texas, 545; Jaynes v. Reynolds, 2 Texas, 250; Johnson v. Erskine, 9 Texas, 2.    See "Bonds," Am. and Eng. Encycl. of Law, secs. 466, 467-466i; Ward v. Hubbard, 62 Texas, 568; Jaynes v. Langham, 29 Texas, 414; City of Marshall v. Bailey, 27 Texas, 686; Bank v. Lester, 73 Texas, 542; 1 W. & W. C. C., sec. 820; 2 Willson C. C., sec. 788.

2.   Acts of carelessness and negligence on the part of officers of plaintiff in error would not exonerate defendants from liability.  Plaintiff in error is not in this action chargeable with constructive knowledge. Association v. Smith, 70 Texas, 168; Webb County v. Gonzales, 69 Texas, 455; Bennett v. Association, 57 Texas, 72; Britton v. City of Fort Worth, 78 Texas, 227; Association v. Price, 26 Am. Rep., 703.

3.   That Ballard as collector may have been in arrears with or a defaulter to the city at the time of the delivery, acceptance and approval of the bond sued on, and that plaintiff in error may have then been aware of that fact, is not of itself sufficient to release defendants from liability. Bennett v. Association, 57 Texas, 72; 2 Willson C. C., secs. 1289, 738; Webb County v. Gonzales, 69 Texas, 455; Poer v. Brown, 24 Texas, 34; Oglesby v. State, 73 Texas, 658; Britton v. City of Fort Worth, 78 Texas, 227; 4 Wendell, 570; Association v. Price, 26 Am. Rep., 705; 9 Wheat., 720; 11 Id. 134; 12 Id. 505; see under head of "Bonds," secs. 462i; 466p, 467, Am. and Eng. Encycl. of Law, and authorities therein cited.

*Ellis & Allen,* and *Arthur P. Bagby & Sons,* for defendants in error.

1.   If in the course of the employment of an obligee, the person of whom security is asked has been guilty of acts showing moral delinquency or utter unfitness for trust, then in such case information thereof should be given to the surety, whether asked for or not.  1 Sayles' Civil Statutes, 190, arts. 493-4; Screwmen's Benevolent Association v. Smith, 70 Texas, 169; Bennett v. Loan Association, 57 Texas, 72.

2.   A bond required of an agent or employe of a city to perform the duties of an office not prescribed by statute cannot in law be construed as a statutory bond.  Haile v. Oliver, 52 Texas, 443.

WILLIAMS, ASSOCIATE JUSTICE.—Appellant instituted this suit against appellees as sureties on the official bond of its deceased tax collector to recover a sum of money, which it is alleged the collector received as taxes and failed to pay over.

The defendants denied that their principal had ever been the legal assessor and collector of taxes of the city, or that they had signed any bond given by him as such; but they admitted that they had signed the instrument sued on, which was attached to the petition, and which obligated the principal simply as collector.  They further pleaded that for the term of two years before the execution of the bond sued on, their principal had held the same position, and during such time he became a defaulter to the city, owing it moneys which he had collected and failed to account for; that he was such defaulter prior to and at ·

the time the bond sued on was given; that this fact was known to plaintiff
and was unknown to defendants; that plaintiff did not remove him from
the office, but, in order to induce defendants to sign the bond, through
the city council, represented to defendants that the collector had dis-
charged all of his duties with fidelity and was not in default with the
city, but was worthy of full trust and confidence; and that defendants
relied on these representations and were induced by them to sign the
bond, which they would not otherwise have done. A demurrer ques-
tioning the sufficiency of the defenses set up was overruled, and the
case was tried by a jury and verdict and judgment were rendered for
defendants. The evidence showed that at the close of his term of
office, from 1890 to 1892, the collector was a defaulter to the amount of
several hundred dollars; that his accounts had been investigated and
the fact of his defalcation reported and made known to the mayor
and aldermen in April, 1892; that a written report, showing the state
of his accounts, was on file and was printed in a newspaper, to which
defendants were all subscribers, though they did not see this report
or otherwise learn of the defalcation  prior to signing the bond in
August, 1892. No inquiry was made by them of their principal or of
anyone else as to his standing with the city, and no representations
were made to them on the subject. It does not appear that any of them
were brought in contact with any officer of the city, except the collector,
in the execution of the bond, and no concealment of the facts was
made by any of such officers further than a failure to communicate
them to the sureties may amount to concealment. The facts as to the
shortage were ascertained by a comparison of the tax rolls, tax receipts,
etc., with the payments and credits which the records showed in favor
of the collector. There is nothing to show that access to these sources
of information was denied to anyone. It is thus seen that the answer
alleged positive misrepresentations by the officers of the corporation
to induce the sureties to sign the bond, and the first question presented
is whether or not the answer set up a good defense. Between private
individuals there can be no doubt that such conduct as that alleged
on the part of the obligee would constitute such a fraud as would, as
to the sureties, avoid the obligation, the other essential facts being
shown. Screwmen's etc. Assn. v. Smith, 70 Tex., 168.

In this case it is held that mere concealment by or failure of the
obligee to communicate to the sureties facts known to him, but unknown
to them, which show the moral unworthiness of the principal for the
proposed trust, may be a fraud upon the sureties which will constitute
a defense. That principle is declared as applicable to cases where the
obligee is contracting for himself either in person or by agent. His
contract is such as he makes it, and is affected by all infirmities which
result from his or his agent's conduct. It is not so with officers of
public corporations whose duty it is made by law to pass upon the
sufficiency of the bonds of other officers. They usually act in the
performance of duties imposed by the statute for the benefit of the

people of the municipality. While for some purposes they are agents of the public, they are agents whose duty and authority are defined and limited by law. The nature of their duties and the extent of their authority are made known by the law to persons dealing with them. When the law requires of an officer the execution of a bond of a certain character, and makes it the duty of other officers to see that it is given and pass upon its sufficiency, no authority is given them to change its nature or impair its efficiency when given, by any stipulations or representations they may see fit to make. In substance and effect, such a bond is given to the public composing the corporation. The officers representing it are not the obligees and cannot control the effect of the bond, because their function is fixed by the laws on the subject. Hence, sureties who sign such a bond are not in the attitude of persons who sign as sureties for the performance of a private contract. They in fact make no contract with the officers representing the public, but assume an obligation to the public body, the effect and extent of which is regulated by law. It might be replied that the defense set up is not a stipulation, by which the bond intended by law was sought to be varied, but a fraud by which the officers induced the sureties to sign it. But, if a representation by the officers of the fact would bind the city, a stipulation by them that the fact existed as a condition of the bond would be equally binding. It would hardly be contended that the introduction of such a condition into the bond would be authorized on the part of the officers. If it were introduced, the sureties would not be liable contrary to its provision, but their non-liability would result from the limitation which they themselves put upon their undertaking, and not from any authority of the officers to so vary the terms of the bond. If the officers have no authority to bind the city by such a stipulation, it is hard to see how they can affect it by a representation to the same effect. The officer and his sureties give the bond required by law, and it must, we think, be held to have the effect and answer the purpose intended by the law. The true principle, it seems to us, is that the acts or frauds of officers in such matters outside the line of their duty as fixed by law are not to be imputed to the corporation, but are as the acts of third persons, not the obligees of the bond. This question was fully considered by the Supreme Court of Michigan in the case of Detroit v. Weber, 26 Mich., 284, in which three of the judges concurred in the view which we have taken, and the fourth (Judge Cooley) dissented from it. The authority of the case is weakened by the dissent of that eminent jurist, but the opinions of Judges Campbell and Christiancy, concurred in by the remaining judge, seem to us to state the correct rule, and support their position with reasoning of convincing force. The following authorities are to the same effect: Bower v. Com'rs of Washington County, 25 Pa. St., 69; Pine County v. Willard, 19 Minn., 125; 39 N. W. Rep., 71.

The case of State v. Bates, 36 Vt., 390, also bears on the point, though the exact question was not involved, and there are some dicta which seem

to intimate an opinion on this question contrary to that which we have taken.

We are therefore of the opinion that the facts stated in the special plea would constitute no defense to the action, and that the demurrer to it should have been sustained. It is well settled that the officer and his sureties are estopped from denying the regularity of his appointment. Whatever doubt there may be as to the sufficiency of the answer, it is clear that the evidence presented no defense. Under none of the authorities cited above could the facts shown by the evidence be considered a defense. The bond we hold to be a good statutory bond, though it was not given as marshal and assessor as well as collector. Under article 344, Revised Statutes, the office of assessor and collector had been, by ordinance, consolidated with that of marshal. Article 366 authorizes the city council to prescribe the form and amount of the bond. They took and approved this one and it must be held to be of the kind which they had prescribed. It was therefore authorized by the terms of the statute, though it secured the performance only of the duties of collector of taxes. It was less onerous than might have been exacted under the statute, but so far as its provisions went, they were in accordance with it. Had three separate bonds been required, one for the performance of the functions of marshal, another for those of assessor, and still another for those of collector, it could not be claimed that all of them would not have been authorized by the statute; and the fact that two of them were not taken, does not take that which was required out of the provisions of the law.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 10, 1895.