MUELLER *et al v.* FIRST NATIONAL BANK OF ATLANTA.

No. 7930.   January 24, 1931.

*Anderson, Rountree, Crenshaw & Hansell,* for plaintiffs in error.
*Spalding, MacDougald & Sibley* and *Brandon & Hynds,* contra.

Stark, Judge.   Josephine Mary Mueller made her will on February 2, 1922, in which she appointed the Fourth National Bank of Atlanta as her executor.   On November 25, 1929, the Fourth National Bank of Atlanta was consolidated with the Atlanta and Lowry National Bank, under the laws of the United States relative to the consolidation of national banks, under the existing charter of the Atlanta and Lowry National Bank, the name of the consolidated bank being legally changed to the First National Bank of Atlanta.   The consolidation was approved by the Comptroller of the Currency, and all the assets of both banks were vested in the consolidated bank, and it held and enjoyed all their rights, property, franchises, and interests in the same manner and to the same extent as they were held and enjoyed by the consolidating banks.   The testatrix died on February 21, 1930.   The will was duly filed, and an application was made by the First National Bank of Atlanta, claiming to be the executor, to probate the will in solemn form.   A caveat was filed by the heirs at law of the tes-

tatrix, solely on the ground that the First National Bank of Atlanta did not succeed to the trust formerly held by the Fourth National Bank of Atlanta, and could not qualify as executor under the will. The case was appealed by consent to the superior court, where it was tried by the judge without a jury, and judgment was entered finding against the caveat, and in favor of the propounder. By bill of exceptions the caveators brought the case to this court. It is admitted by counsel for the parties that the sole question for this court to decide is this: Where a national bank that has been appointed executor under a will consolidates with another national bank under the act of Congress providing for the consolidation of national banks, has the consolidated national bank the right to qualify and act as executor of such will?

The facts as agreed upon have been stated. The testatrix executed her will in Fulton County, Georgia, and died there, eight years afterward. She lived practically three months after the Fourth National Bank was consolidated with the Atlanta and Lowry National Bank under the charter of the latter. That she knew of the consolidation before her death is hardly to be questioned. That she did not want her heirs, or either of them, to be executor is evidenced by naming the Fourth National Bank of Atlanta, a corporation, as executor of her will. The act of Congress of November 7, 1918, authorizes the consolidation of national banks. This she knew, or was chargeable with knowing. The concluding sentence of this act says: "And all the rights, franchises, and interests of the said National Bank so consolidated in and to every species of property, personal and mixed, and choses in action thereto belonging, shall be deemed to be transferred to and vested in such National Bank into which it is consolidated, without any deed or other transfer, and the said consolidated National Bank shall hold and enjoy the same and all rights of property, franchises, and interests in the same manner and to the same extent as was held and enjoyed by the National Bank so consolidating therewith." Learned counsel have not been able to find any Georgia case bearing directly on the question for decision, nor has this court been able to find any. The question has, however, been passed upon in other jurisdictions. The leading case cited by counsel for plaintiffs in error is that of Petition of Commonwealth v. Atlantic Nat. Bank, 249 Mass. 440 (144 N. E. 443). We can not

agree with the reasons given by the Supreme Court of Massachusetts in this case. Besides, the trust company named as executor in the will was a State institution, and was afterwards converted into a national bank, and this bank was consolidated with another national bank. In Massachusetts no one can act as executor except by appointment of the probate court. When the Fourth National Bank of Atlanta was consolidated with the Atlanta and Lowry National Bank under the charter of the latter, by a permit of the Comptroller of the Currency, "all the rights, franchises, and interests of the said national bank so consolidated in and to every species of property, personal and mixed, and choses in action thereto belonging, shall be deemed to be transferred to and vested in such National Bank into which it is consolidated, without any deed or other transfer." This is broad enough, in the writer's opinion, to pass the executorship to the consolidated bank.

In Mercantile Trust Co. v. San Joaquin Agricultural Cor., 89 Cal. App. 558 (265 Pac. 583), where two banking corporations were consolidated under the California laws, bringing into existence one corporation as successor of the two, the successor succeeded to the trust of the former corporations. This right has been recognized by authorities in other States. Iowa Light &c. Co. v. First National Bank of Boston, 250 Mass. 353 (145 N. E. 433). The rule laid down by the Supreme Courts of Tennessee and New York, holding that the office of trusteeship and executorship of the merging banks passes to the consolidated bank, is in our opinion a better construction of the act of Congress relative to the consolidation of national banks. In First National Bank of Chattanooga v. Harry E. Chapman Co., 160 Tenn. 72 (22 S. W. (2d) 245), the Supreme Court of Tennessee said: "The reason ordinarily forbidding the transfer or delegation of the office or duties of trustee to another is that 'the performance of the trust is a matter of personal confidence' . . Colyear v. Taylor, 1 Cold. 372." Such "consideration can not reasonably influence the appointment of a corporate trustee. Personal confidence can not be the basis of such a selection. The stockholders, the officers, the entire management of a corporation may be expected to change from time to time." This principle is stated in 23 C. J. 1020: "A will appointing as executor the priest of testator's church, without naming him, will be construed to mean the priest at the

848

time of testator's death." The case In Re Bergdorf's Will, 206 N. Y. 309 (99 N. E. 714), involved a consolidation under the New York law, which is almost identical with the act of Congress, supra. Bergdorf executed his will in 1904, appointing the Morton Trust Company as executor. In 1910 the Morton Trust Company was merged into the Guaranty Trust Company of New York, in the manner provided by law. Bergdorf died in 1911, and the question arose as to the right of the Guaranty Trust Company to act as executor. The court held that "The Guaranty Trust Company was entitled to hold and enjoy it even as would the Morton Trust Company under an unmerged existence. By virtue of the statute, effective as a part of the will, the Guaranty Trust Company was designated as an executor, and as such is entitled to receive the letters testamentary."

The appointment of an executor in Georgia can only be made by the testator. The ordinary may appoint an administrator with the will annexed. The probate court appoints the executor in Massachusetts. In *Jepson* v. *Marlin*, 116 Ga. 772, 775 (43 S. E. 75), this court said: "At common law an executor of an executor was ipso facto the executor of the first testator. 11 Am. & Eng. Enc. L. 748-9. This law is still in force in Georgia." When the Fourth National Bank of Atlanta consolidated with the Atlanta and Lowry National Bank, this could· have been done with the permit of the Comptroller of the Currency under the charter of the former instead of the latter. The name given to the consolidated bank does not appear to be material. The First National Bank of Atlanta, being the consolidated bank, had the right to qualify and act as executor of Josephine Mueller's will.

*Judgment affirmed. Russell, C. J., Beck, P. J., Hines, J., and Eve and Maddox, JJ., concur.*