## PARKER v. STATE et al.
### No. 9253.

Court of Civil Appeals of Texas. San Antonio.

Feb. 14, 1934.

Rehearing Denied March 7, 1934.

638

Seabury, George & Taylor, of Brownsville, for appellant.

Chas. C. Bowie, of San Benito, Marvin Hall, of Brownsville, James V. Allred and Homer C. DeWolfe, both of Austin, L. J. Freeman and James R. Dougherty, both of Beeville, H. L. Yates, of Brownsville, and Templeton, Brooks, Napier & Brown, of San Antonio, for appellees.

MURRAY, Justice.

Two of the appellees, state of Texas and Cameron county, instituted this suit against the Merchants' National Bank of Brownsville, Tex., John M. Young, as receiver of said bank, styled below as principal defendants, and John Gregg, W. E. McDavitt, Cleve H. Tandy, A. Cueto, Jr., A. F. Parker, and Manuel Cisneros, styled below as surety defendants. A. F. Parker is the only appellant herein.

These appellees' cause of action was based upon a depository contract and bond. The trial court granted appellee Cameron county judgment in the sum of $180,447.72, together with certain interest, against said bank, its receiver, and the six alleged sureties on the depository bond, including appellant, Parker. The judgment was for the sums of money alleged to have been deposited in the said bank as county depository and not accounted for to the county by the bank. A similar judgment, in the sum of $76,776.70, together with interest, was granted in favor of the state of Texas.

Appellant, Parker, in his answer set up a number of matters of defense and certain cross-actions, all of which were, upon special demurrer, stricken out by the trial court. Appellant bases his appeal upon the alleged error of the trial court in sustaining demurrers to his defenses and cross-action. We will discuss each one of these matters separately.

Appellant's first proposition is as follows: "The depository contract between Cameron County and the State of Texas and the Merchants' National Bank being illegal and contrary to public policy by reason of the conspiracy between the Merchants' National Bank, State National Bank, Texas Bank & Trust Company and the First National Bank in Brownsville, to stifle honest competitive bidding for said depository contract, and Cameron County having knowledge, through its Commissioners' Court, of said conspiracy, a court of equity will not enforce said contract in behalf of Cameron County and the State of Texas as against appellant, an innocent surety, but will leave the parties where it finds them, and, by reason thereof, the trial court erred in sustaining appellees' demurrers to paragraph four and its subdivisions, of appellant's First Amended Original Answer, in which these facts were alleged."

It is clear from the above proposition that appellant contends that a court of equity will not enforce the depository contract and bond because Cameron county had knowledge, through its commissioners' court, of the alleged conspiracy of the banks to stifle competitive bidding.

It is settled law that where a bond is approved by officers of a public corporation, acting in their official capacity, and the bond is given for the benefit and protection of the public corporation, knowledge of fraud or illegality by such officers is not imputable to the public corporation. The bond is not taken for the benefit of such officers, but the public composing the public corporation. The public's rights are not to be lost or forfeited on account of the misconduct or guilty knowledge of its officers.

Any such conduct of such officers is to be regarded as ultra vires and not binding on the corporation. Persons dealing with such public officials are bound to take knowledge of the authority of such officers and the limitations on them.

The rule above stated is supported by the following authorities: 18 C. J. § 63, p. 589; McQuillin on Municipal Corporations, vol. 2, § 519, p. 191; City of Hallettsville v. Long, 11 Tex. Civ. App. 180, 32 S. W. 567; Coe v. Nash (Tex. Civ. App.) 40 S. W. 235; American Ind. Co. v. Mexia Ind. School Dist. (Tex. Civ. App.) 47 S.W.(2d) 682; Kopecky v. City of Yoakum (Tex. Civ. App.) 35 S.W.(2d) 492, affirmed (Tex. Com. App.) 52 S.W.(2d) 240.

The result of this alleged fraudulent conspiracy between the banks and the state and county was that they were thereby prevented from securing a higher rate of interest for their deposits than that which the depository contract called for, but surely appellant was not injured thereby. A higher rate of interest would have increased his liability.

■ By appellant's second proposition he contends that the trial court erred in sustaining a special demurrer to that part of his answer which alleged that money was taken out of the county depository and placed in other banks; that this constituted a breach of the depository contract and rendered same void, thereby releasing him as surety.

The assignment is overruled. Article 2549, Revised Civil Statutes 1925, provides for a 10 per cent. penalty on all sums not deposited in the county depository. The depository being given an expressed statutory remedy for the county's failure to deposit all of its money in the depository, no other remedy can be contended for, either by the depository or the sureties on the bond. Article 2549, R. S. 1925; Kopecky v. City of Yoakum, supra.

■ Appellant, by his third proposition, complains of the action of the trial court in striking out that part of his answer wherein he pleaded release from the bond because of the consolidation of the First National Bank with the Merchants' National Bank. We cannot agree with this contention. The federal law authorizing two national banks to consolidate was in force and effect at the time the bond was executed. The depository contract and bond was made subject to and in contemplation of the effect of such law. The Merchants' National Bank was still the depository of the state and county after the consolidation, and the bond was still in full force and effect. The Merchants' National Bank by entering into a perfectly legal consolidation with another bank could not vitiate the bond and release the sureties. Sections 33 and 34, title 12 USCA; Dowd v. American Surety Co., 69 Or. 418, 139 P. 112; Mueller v. First National Bank of Atlanta, 171 Ga. 845, 156 S. E. 662.

■ By his fourth proposition appellant complains of the trial court's action in refusing to hear testimony with reference to the adding of the name of the surety Manuel Cisneros after the principal and the other five sureties had signed the bond and same had been approved by the commissioners' court; it being appellant's contention that this would constitute such a material alteration of the bond as to render it void.

We cannot agree with this contention. It seems that the principal and five of the sureties, including appellant, signed the bond, the commissioners' court approved same, and it was forwarded to the state comptroller, who refused to approve the bond, but returned it with the request that a list of the assets of the sureties be attached. This was done. Cisneros then signed as a surety. The commissioners' court again approved the bond and it was again forwarded to the comptroller, who this time approved the bond. Appellant did not agree to the adding of the name of the surety Cisneros.

It is clear that the bond was not finally approved until acted upon by the comptroller. Article 2547, R. S. 1925 (as amended by Acts 1927, c. 129, § 1 [Vernon's Ann. Civ. St. art. 2547]), so provides. This exact question was passed upon in the Kopecky Case and decided adversely to appellant. See, also, 2 Tex. Jur. § 6, p. 698; Sullivan v. City of Galveston (Tex. Com. App.) 34 S.W.(2d) 808.

■ By his fifth and sixth propositions appellant contends that the trial judge committed error in sustaining special demurrers to his cross-action against John M. Young, receiver of Merchants' National Bank, and also of the First National Bank and James Shaw, banking commissioner, in charge of the Texas Bank & Trust Company and the State National Bank. Appellant, in his cross-action, contended these banks were joint adventurers and tort-feasors in securing the money of the state and county by means of a fraudulent conspiracy, and that therefore the state and county had a right to recover against these banks or to pursue such funds

as may have been deposited with them under the contract as trust funds, and that appellant, being a surety on the bond, has a right to assert such cross-action in this suit.

We do not agree with this contention. It is true that if, as alleged, these banks entered into a fraudulent conspiracy to stifle competitive bidding and thereby secure the money of the state and county at a low rate of interest, agreeing that the Merchants' National Bank should become the depository and the funds to be afterwards divided among all of the banks, such a depository contract so obtained would be subject to being set aside by the state and county, by reason of the fraud perpetrated; such conspiracy being against public policy.

Thus the state and county had two remedies. It could have declared the depository contract void and pursued the funds that had been turned over to the Merchants' National Bank, as trust funds, or they could stand by the contract and sue on the bond. This latter remedy was the one pursued by the state and county. Appellant, as a surety on the bond, had no right to require them to elect to pursue some other remedy.

As said in the case of City of Marquette v. Wilkinson, 119 Mich. 413, 78 N. W. 474, 475, 43 L. R. A. 840: "It is urged that this agreement is void as against public policy. If this be granted, neither Wilkinson, nor the banks, nor the bondsmen could take advantage of it. The city alone could rescind it on this account. It has not chosen to do so, and no other party can complain."

The state and county now have a final judgment on the depository bond, binding on all the parties except appellant. They have made their election to stand on the bond and they would not now be permitted to go back and bring a suit on the tort, to declare the bond a nullity and attempt to recover from the alleged tort-feasors. 15 Tex. Jur. p. 822: "Where a remedy has been pursuant to judgment, a resort to another remedy is precluded by the doctrine of res judicata." Marshall v. Mayfield (Tex. Com. App.) 227 S. W. 1097.

Appellant contends that he should be permitted to maintain his cross-action against the banks other than the Merchants' National, upon the theory of undisclosed principal. We conclude otherwise. This was a straight suit upon a statutory depository bond, secured and executed in conformity with the requirements and regulations of the statutes. The other banks are not named or referred to in the bond. They cannot be sued on the theory of undisclosed principal where the obligees of the bond have seen fit to waive the alleged fraud and stand squarely on the statutory depository bond. Henry County v. Citizens' Bank, 208 Mo. 209, 106 S. W. 622, 14 L. R. A. (N. S.) 1052.

The judgment is affirmed.