## ARROYO–COLORADO NAV. DIST. OF CAMERON AND WILLACY COUNTIES v. STATE NAT. BANK OF BROWNSVILLE, TEX.

### No. 3324.

Court of Civil Appeals of Texas. El Paso. Jan. 30, 1936.

Rehearing Denied Feb. 20; 1936.

Paul G. Greenwood, of Harlingen, and Dan Moody, of Austin, for appellant.

Templeton, Brooks, Napier & Brown, Howard Templeton, and S. J. Brooks, all of San Antonio, for appellee.

HIGGINS, Justice.

This is a suit by the Arroyo-Colorado navigation district of Cameron and Willacy counties against the State National Bank of Brownsville, Tex.

Exceptions, general and special, to the petition were sustained. The plaintiff declining to amend, judgment was rendered accordingly.

The petition is lengthy. It is unnecessary to state the allegations in detail. A summary of the facts alleged will suffice.

Plaintiff is a political subdivision of the state organized under the Constitution and statutes. In 1931 plaintiff, as required by law, advertised for depository bids. The Merchants National Bank of Brownsville, the State National Bank of Brownsville, defendant, the First National Bank of Brownsville, and Texas Bank & Trust Company of Brownsville, each filed sealed proposals stating the rate of interest which each offered to pay on plaintiff's average daily balances if selected as depository. The Merchants National Bank offered to pay the highest rate (3.26 per cent.), and plaintiff, believing the proposals and bids to be the result of open and unstifled competition among the bidders, accepted the bid of the Merchants National Bank and awarded the contract to it. Depository contract and bond was thereafter entered into between plaintiff and the Merchants National Bank. Plaintiffs believed a valid contract had been entered into with said bank and deposited

its funds with said bank. There was a collusive agreement between the four banks mentioned to stifle competition in the bidding and by means of such device plaintiff was fraudulently induced to enter into such contract and to deposit its funds with the Merchants National Bank believing said bank had been lawfully selected as the depository in conformity with the law and after competitive bidding. The collusive agreement between the four banks included an agreement that the funds deposited under the depository contract should be deposited equally between said banks and the benefits enjoyed equally by them, and the funds were so divided. The Merchants National Bank bid the highest rate of interest. The Merchants National Bank was declared insolvent in March, 1932, and at that time a substantial portion of the funds deposited by the plaintiff under the depository contract had not been repaid to it. Plaintiff sued the receiver of the Merchants National Bank and the sureties on the depository bond and sought judgment for the amount of said deposits. This suit was styled Arroyo-Colorado Navigation District of Cameron and Willacy Counties v. John M. Young. Plaintiff recovered judgment, which was affirmed by the Court of Civil Appeals. Parker v. Arroyo-Colorado Nav. Dist., 69 S.W.(2d) 1116.

Plaintiff has collected a substantial portion of said judgment, but at the institution of the present suit there remained an unpaid balance of more than $150,000. The bids were collusive and plaintiff was induced by means thereof to place its funds with the Merchants National Bank.

This suit is to recover the balance of the money which was so deposited, which had not been repaid plaintiff or collected under said judgment.

The foregoing statement is based upon the facts shown in appellant's brief in its preliminary statement of the nature and result of the suit. To this it may be added the petition also shows execution has issued on the aforesaid judgment and returned nulla bona; also that plaintiff did not know of the collusive agreement above stated until the filing by A. F. Parker of his answer in the cause above mentioned, in which answer Parker alleged the existence of said fraudulent agreement for the purpose of misleading the plaintiff.

The opinion of the San Antonio Court of Civil Appeals affirming the judgment in the cause above mentioned is a memorandum opinion, affirming the judgment for the reasons stated in the companion case of Parker v. State of Texas, 68 S.W.(2d) 637. By reference to the report of Parker v. State, it will be observed that Parker's answer set up the collusive agreement declared upon in the present suit.

### Opinion.

In the Parker Cases writs of error were refused by the Supreme Court. In the case reported in 68 S.W.(2d) 637, at page 639, Justice Murray said:

"By his fifth and sixth propositions appellant contends that the trial judge committed error in sustaining special demurrers to his cross-action against John M. Young, receiver of Merchants' National Bank, and also of the First National Bank and James Shaw, banking commissioner, in charge of the Texas Bank & Trust Company and the State National Bank. Appellant, in his cross-action, contended these banks were joint adventurers and tort-feasors in securing the money of the state and county by means of a fraudulent conspiracy, and that therefore the state and county had a right to recover against these banks or to pursue such funds as may have been deposited with them under the contract as trust funds, and that appellant, being a surety on the bond, has a right to assert such cross-action in this suit.

"We do not agree with this contention. It is true that if, as alleged, these banks entered into a fraudulent conspiracy to stifle competitive bidding and thereby secured the money of the state and county at a low rate of interest, agreeing that the Merchants' National Bank should become the depository and the funds to be afterwards divided among all of the banks, such a depository contract so obtained would be subject to being set aside by the state and county, by reason of the fraud perpetrated; such conspiracy being against public policy.

"Thus the state and county had two remedies. It could have declared the depository contract void and pursued the funds that had been turned over to the Merchants' National Bank, as trust funds, or they could stand by the contract and sue on the bond. This latter remedy was the one pursued by the state and county. Appellant, as a surety on the bond, had no right to require them to elect to pursue some other remedy. * * *

*"The state and county now have a final judgment on the depository bond, binding on all the parties except appellant. They have made their election to stand on the bond and they would not now be permitted to go back and bring a suit on the tort, to declare the bond a nullity and attempt to recover from the alleged tort-feasors. 15 Tex.Jur. p. 822: 'Where a remedy has been pursuant to judgment, a resort to another remedy is precluded by the doctrine of res judicata.' Marshall v. Mayfield (Tex.Com.App.) 227 S.W. 1097."* (Italics ours.)

[redacted] The action of the Supreme Court in refusing writs of error in those cases implies approval of the principles of law declared in the opinion. Article 1728, R.S., as amended by Acts 1927, c. 144, § 1 (Vernon's Ann.Civ.St. art. 1728).

This ruling is decisive of the view that appellant is bound by its election in the former suit to stand on the bond and that it cannot now recover against appellee as an alleged tort-feasor.

In further support of this view see Mosher Mfg. Co. v. Eastland, etc., R. Co. (Tex.Civ.App.) 259 S.W. 253, Gulf, C. & S. F. Ry. Co. v. North Texas Grain Co., 32 Tex.Civ.App. 93, 74 S.W. 567, and Ward v. Green, 88 Tex. 177, 30 S.W. 864, where the doctrine of election of remedies was applied in favor of a defendant who was not a party to the first suit.

[redacted] But aside from this consideration, the petition states no cause of action. The cause of action attempted to be set up lies in tort arising out of the conspiracy of the four banks to bid collusively, thus inducing the award of the depository contract to the Merchants Bank at a low rate of interest; and when the award was so made, that bank would divide the funds and deposit part of same with the other banks who would bear their share of the interest charge. Admitting that this conduct constituted an actionable tort, the proper measure of damage would be the loss arising upon the interest rate thus unduly depressed. There is no allegation that a higher interest rate would have been bid in the absence of the conspiracy. Therefore, no damage is shown.

[redacted] The attempt here is to recover the unpaid balance of the principal of the funds deposited in the Merchants Bank. Unless there is a causal connection between the wrongful conspiracy and the loss of such principal, there can be no recovery. In 13 Tex.Jur., Damages, § 25, it is said:

"The fundamental rule is that the defendant may be held liable for such consequences of his conduct as he could have or ought to have foreseen or anticipated, the basis or responsibility being the same in cases of tort as it is in cases of breach of contract. The Supreme Court has expressed the general doctrine thus:

" 'In case of tort the rule is, the wrongdoer shall be answerable for all the injurious consequences of his tortious act, which according to the usual course of events and general experience were likely to ensue, and which therefore, when the act was committed, he may reasonably be supposed to have foreseen and anticipated.' "

There is nothing in this petition upon which to base an inference that the alleged conspirators might reasonably have foreseen or anticipated that as a result of their collusive bids the Merchants Bank would become insolvent resulting in loss of any of the funds deposited.

Since the gist of the action lies in tort, no right of recovery is shown because there is no causal connection between the tort alleged and damage sought to be recovered.

It is not alleged that any part of the funds which the Merchants Bank deposited with the defendant have not been repaid to the Merchants Bank. Therefore, no question arises as to the right to recover upon the theory of following and recovering trust funds wrongfully diverted. Appellant does not so contend. Nor does it seek to recover upon the theory that the State National Bank was an undisclosed principal of the Merchants National Bank. In the Parker Cases that theory was rejected. Such ruling is in harmony with the settled rule that recovery cannot be had against both the agent and the undisclosed principal. Litchenstein v. Brooks, 75 Tex. 196, 12 S.W. 975; Heffron v. Pollard, 73 Tex. 96, 11 S.W. 165, 15 Am.St. Rep. 764; Fort Terrett Ranch Co. v. Bell (Tex.Civ.App.) 275 S.W. 81; Nail v. Boothe (Tex.Civ.App.) 265 S.W. 1051; Veazie v. Beach Plumbing & Heating Co. (Tex.Civ.App.) 235 S.W. 695.

[redacted] Appellant, however, does contend that the four banks were joint adventurers in the transaction rendering each of them jointly and severally liable for the loss sustained. But the gist of the cause of ac-

tion attempted to be alleged is founded in tort and not upon any contractual relationship arising out of a joint adventure.

Furthermore, to assert that the defendant is liable as a joint adventurer is but to say that it was an undisclosed principal of the Merchants National Bank in the depository contract and liable upon the contract as such. The authorities above cited conclusively show that the suit upon the depository contract and bond was an irrevocable election barring a subsequent suit against an undisclosed principal.

Affirmed.