## FIRST NAT. BANK OF MARLIN v. DUPUY et al.

### No. 2136.

Court of Civil Appeals of Texas. Waco.

Oct. 12, 1939.

Rehearing Denied Nov. 23, 1939.

Robt. D. Peterson, of Marlin, and J. W. Spivey, of Waco, for plaintiff in error.

E. M. Dodson, of Marlin, and Geo. E. Shelley, of Austin, for defendants in error.

ALEXANDER, Justice.

H. A. Dupuy was the tax assessor and collector for the city of Marlin and also the Marlin Independent School District for three terms of two years each, the last term ending April 15, 1936. He was entitled to a commission of 2% of the taxes so assessed by him for his services. On March 30, 1936, he borrowed money from the bank and as security therefor gave to the bank an assignment of all fees and commissions due him by said taxing units for assessing the 1936 taxes. Prior to making the loan, the bank secured a written acceptance of such assignments, signed by the mayor of the city of Marlin and attested by the city secretary and the chairman of the board of trustees of the Marlin Independent School District. The bank sued Dupuy to recover on his note and the taxing units to recover on said written assignments and acceptances. The taxing units denied the authority of the mayor and the chairman of the board of school trustees to bind the taxing units by their acceptance of said assignments and alleged that Dupuy was indebted to said taxing units for taxes collected and misappropriated by him in amounts in excess of the fees due him, and that by reason thereof they were not liable to the bank on said assignments. A trial before the court without a jury result-

**240**

ed in judgment for the bank against Dupuy on the note but in favor of the taxing units on the assignments. The bank has appealed.

The first material question to be determined is the validity or effect of the acceptances of the assignments by the mayor and chairman of the board of school trustees. There is no contention that the city council or board of trustees ever formally or otherwise authorized or ratified the acts of the mayor or chairman of the board of trustees in accepting said assignments. The affairs of a municipality are usually vested in a city council or other governing board and in order to bind such municipality by contract, it is necessary that the contract be authorized or ratified by the administrative board as a body and not merely by the mayor or other individual member thereof. 34 Tex.Jur. 457; 30 Tex.Jur. 190, 264, 323; City of Floydada v. Gilliam, Tex.Civ.App., 111 S.W.2d 761; King v. Guerra, Tex.Civ.App., 1 S.W. 2d 373; City of Denison v. Smith, Tex.Civ. App.; 260 S.W. 207; Indiana Road Mach. Co. v. City of Sulphur Springs, Tex.Civ. App., 63 S.W. 908; Penn v. City of Laredo, Tex.Civ.App., 26 S.W. 636. The same rule applies to schools and school districts. 37 Tex.Jur. 944; Foster v. City of Waco, 113 Tex. 352, 255 S.W. 1104; Moore v. Leonard Independent School Dist., Tex.Civ. App., 74 S.W. 324; Elgin-Butler Brick & Tile Co. v. Hillsboro Independent School Dist., Tex.Civ.App., 205 S.W. 942. Since the purported contracts of acceptance were approved only by the mayor and chairman of the board of school trustees and not by the city council and board of trustees, they were not binding on the city nor the school district.

The bank was charged by law with notice of the limited authority of the mayor and chairman of the board of school trustees and cannot rely thereon as a basis of estoppel as against the city or the school district. 34 Tex.Jur. 442; Parker v. State, Tex.Civ.App., 68 S.W.2d 637; Zeigler v. Federal Land Bank of Houston, Tex.Civ. App., 86 S.W.2d 864; Ft. Worth Cavalry Club, Inc., v. Sheppard, 125 Tex. 339, 83 S. W.2d 660.

From what has been said, it is apparent that the purported acceptances were invalid. Since the purported acceptances were invalid, the bank stands in the same position as it would if it had a mere assignment from Dupuy. As such assignee, the bank acquired no better right against the taxing units than Dupuy himself had. 5 Tex.Jur. 43. The relation between Dupuy and said taxing units was contractual, he being under obligation to pay to them all taxes collected by him. He could not demand of the taxing units pay for his services until he had accounted for the taxes received by him. The evidence establishes without dispute that Dupuy at some time during his service as collector for said taxing units misappropriated and failed to account for funds belonging to said taxing units in amounts in excess of his unpaid commissions. It is not material whether these defalcations occurred during his first, second or third term of office, for his claim for fees earned during his last term of office stand on no higher basis than do the claims of the taxing units for the funds previously misappropriated by him, and the taxing units would have a right to offset their claims for such defalcations against his claim for fees earned during his last or any other term of office. 5 Tex. Jur. 41, 42. Since the bank acquired no greater right than Dupuy himself had, the taxing units could make a like offset as against the bank as Dupuy's assignee. 5 Tex.Jur. 43.; Kirkpatrick v. Great American Ins. Co., Tex.Civ.App., 299 S.W. 943.

It is urged that the claim for funds misappropriated by Dupuy during his first and second terms was barred by limitation and that the taxing units had no right to offset same against Dupuy's commission earned during his last term. The record does not make it clear that any of the funds misappropriated were so misappropriated prior to Dupuy's last term, and the presumption would be in favor of an implied finding that all such misappropriations occurred during the last term. Moreover, there was ample evidence to support an implied finding by the trial court that Dupuy fraudulently concealed his misappropriation in such manner that the taxing units could not discover the shortage until after his last term of office had expired. Under these circumstances, limitation would not begin to run until after discovery of the fraud. 20 Tex.Jur. 112, secs. 75–76; Glenn v. Steele, Tex.Sup., 61 S.W. 2d 810; Trinity-Universal Ins. Co. v. Maxwell, Tex.Civ.App., 101 S.W.2d 606; Owen v. King, Tex.Civ.App., 84 S.W.2d 743; Swindall v. Van School Dist. No. 53, Tex. Civ.App., 37 S.W.2d 1094.

We have carefully considered all of plaintiff in error's assignments of error and find no reversible error.

The judgment of the trial court is affirmed.