**GREAT NATIONAL LIFE INSURANCE CO., Petitioner,**

v.

**Jesus G. CHAPA, Respondent.**

**No. A–9953.**

Supreme Court of Texas.

April 1, 1964.

Rehearing Denied April 29, 1964.

Jones, Boyd, Westbrook & Lovelace, Waco, for petitioner.

Richey, Sheehy, Teeling & Cureton, Sam Lanham, with above firm, Waco, Utter & Chase, Corpus Christi, for respondent.

CULVER, Justice.

The trial court overruled the plea of privilege of Great National Life Insurance Company to be sued in Dallas County. The Court of Civil Appeals affirmed by a divided court, Tex.Civ.App., 373 S.W.2d 280, on the ground, as stated by that court, that the venue in a civil suit for conspiracy may be laid in any county in which an act in pursuance of the common design was performed by any one of the conspirators. We hold that the plea of privilege should be sustained.

The cause of action arose out of a collision with an automobile driven and owned by one of the defendants, Castillo, in which the plaintiff, Chapa, received injuries to his person. The suit was brought in McLennan County where the accident occurred, against Castillo and Great National Life Insurance Company. Castillo was acting as an agent of the Insurance Company and at the time of the collision was en route to an appointment with a prospect in an effort to sell a policy of insurance.

It is conceded that the Insurance Company would not be liable in this case for the negligence of Castillo·if he had, at the time of the accident,·been issued a license as an insurance agent by the Insurance Commissioner.[1] But the plaintiff's suit is predicated on the claim that Castillo and the Company had entered into an unlawful agreement and conspiracy to accomplish a lawful purpose, namely, that of selling insurance by unlawful means and that at the time of the accident Castillo was "acting in pursuance of a common design in furtherance of the conspiracy." The claimed "unlawful means" consisted in the fact that Castillo was engaged in selling insurance without a license in violation of law.

On March 23, 1961, Castillo and the Company entered into a contract whereby Castillo was employed to solicit and sell insurance for the Company as its agent. There was nothing unlawful in ·this contract. · On March 31st the Company· mailed to the Insurance Commissioner an application for a license on behalf of Castillo. Article 21.-07–1, § 3 of the Insurance Code, V.A.T.S. provides that no person shall· act as a life insurance agent within this state until he shall have procured a license as required by law. Section 10 of that article provides that the Commissioner may issue a temporary license effective for 90 days and if the temporary license has not been received from the Commissioner within seven days from the date the application was forwarded it may be assumed that the temporary license will be issued and the applicant may proceed to act as agent. Accordingly Castillo would not have qualified until one week after the accident.

The only case relied upon either by the plaintiff-respondent or the Court of Civil Appeals is that of Berry v. Golden Light Coffee Co., 160 Tex. 128, 327 S.W.2d 436. In that case the contract entered into between the parties was for the deliberate

purpose of circumventing the statute by making it appear that vehicles, actually owned by another and operated by him, were the property of Golden Light and driven by its employees in the transportation on state highways of commodities belonging to Golden Light, thus falsely representing that they were exempt from the provisions of Art. 911b, §§ 13 and 13a, Vernon's Ann.Civ.St. Under this plan of operation one of the trucks so used was in a collision which resulted in the death of the driver of the other vehicle. The essence of the holding in that case is stated as follows:

> " * * * It visits no injustice upon a party seeking ·to circumvent the Act, to hold him to the responsibility attendant upon his assumed or purported legal position. For the purpose of securing the transportation of its coffee from Houston to ·Amarillo, · Golden Light in effect represented that it was transporting its own goods, wares and merchandise. After a collision and injury has resulted because of such transportation activities, no reason is apparent for not taking the company at its word and settling upon it the liabilities of its assumed position."

That case does not support the plaintiff's position. Of course Golden Light would have been liable for the negligence of its driver while acting in the scope of his employment and it could not escape that liability when it fraudulently represents that its goods are being transported in its own truck and operated by its own employee in order to circumvent the law and to reduce its operating expense. The purpose of the conspiracy was to operate vehicles upon the highway under false colors.

■■ The legislative intent in the adoption of the Texas Motor Carrier Act[2] was in large part to minimize the dangers and

1. American Nat. Ins. Co. v. Denke, 128 Tex. 229, 95 S.W.2d 370, 107 A.L.R. 409; Kennedy v. American Nat. Ins. Co., 130 Tex. 155, 107 S.W.2d 364, 111 A.L.R.

916; Sartain v. Southern Nat. Life Ins. Co., CCA(N.R.E.), 364 S.W.2d 245.

2. Art. 911b, § 22b, Vernon's Ann.Civ.Stat.

hazards on public highways, the congestion of traffic and for the protection of the general public in the use of those highways. The intent of the Legislature in providing that insurance agents must be licensed was obviously for the protection of the public in respect to the purchase and sale of insurance policies. Nothing in the agency contract or in the license limited the agent in his choice of transportation facilities.

It would accomplish a rather queer result to say that the Insurance Company would not be liable if Castillo was its duly authorized representative but if he were not in fact authorized the company would be liable for his negligent acts.

■ An actionable civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. But an act done or a declaration made by one conspirator not in pursuance of the common object is not evidence against his co-conspirators. Blum v. Jones, 86 Tex. 492, 25 S.W. 694–696.[3]

The common object of the agreement here between the parties was solely the sale of insurance. The distinction is exemplified in Arroyo-Colorado Navigation Dist. of Cameron and Willacy Counties v. State National Bank, 90 S.W.2d 881, Tex.Civ. App., 1936. In that case four banks including the Merchants National Bank of Brownsville were alleged to have conspired to bid collusively on the daily balances of the navigation district if selected as depository. The bid of Merchants National Bank, being the highest, was accepted. Later when that bank became insolvent the district sued the other banks alleging the conspiracy. Recovery was not allowed since there was no connection between the wrongful conspiracy and the insolvency of the bank.

■ A civil action for conspiracy will lie if the acts of the conspirators are not only malicious but without legal justification or excuse and are performed with the intent of injuring another or if the natural and necessary consequence of the acts is the oppression of an individual. Griffin v. Palatine Insurance Co., 235 S.W. 202, Comm. App.,[4] and Texas Public Utilities Corporation v. Edwards, 99 S.W.2d 420, Tex.Civ. App., dismissed.

■ Assuming, but not deciding, that the parties here were engaged in a conspiracy to operate by unlawful means, the purpose was to sell insurance and to hold out to prospective clients that Castillo was a regularly licensed representative of the Company and as such authorized to sell insurance and collect premiums. Naturally the Company would have been bound by Castillo's acts in the furtherance of sale of insurance not necessarily by way of any conspiracy, but because the Company had authorized him to act as its agent. But the conspiracy, if any, was in no manner directed at the plaintiff. There was no intent to injure him nor was his injury a natural or necessary consequence. The collision was entirely collateral and incidental to the agreement entered into by these parties. It was not the result of an act in pursuit of a common design.

We therefore reverse the judgments of the lower courts and remand the cause to the 74th District Court of McLennan County with instructions to sustain petitioner's plea of privilege and transfer the cause to the District Court of Dallas County.

3. See State of Texas v. Standard Oil Co., 130 Tex. 313, 107 S.W.2d 550 (1937); American Rio Grande Land & Irrigation Co. v. Barker, 268 S.W. 506 (Tex.Civ. App.1925); State v. Racine Sattley Co., 63 Tex.Civ.App. 663, 134 S.W. 400; Griffin v. Palatine Ins. Co., 238 S.W. 637 (Comm.App.); Texas Public Utilities Corp. v. Edwards, 99 S.W.2d 420 (Tex. Civ.App., 1936, error dism'd); Oliver v. Huckins, 244 S.W. 625 (Tex.Civ.App., 1922, error dism'd.)

4. Set aside on other grounds, 238 S.W. 637, Comm.App.