

# THE ATTORNEY GENERAL
## OF TEXAS

December 23, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable Bob Bullock
Comptroller of Public Accounts
L.B.J. State Office Building
Austin, Texas   78774

Opinion No. JM-590

Re:  Whether information sub-
mitted by a taxpayer in support
of a request for a refund of
sales taxes paid is excepted
from disclosure under the Open
Records Act

Dear Mr. Bullock:

You ask us two questions regarding the applicability of the Open
Records Act, article 6252-17a, V.T.C.S., to certain information in
your possession and control.  Your two questions are as follows:

> 1.  Is information submitted by a taxpayer in
> support of a request for a refund of sales taxes
> paid excepted from disclosure under the Open
> Records  Act?    This   information   includes   the
> identity of the parties to the transaction giving
> rise  to  the   refund   and  the   amount   of   the
> transaction.
>
> 2.  Does a city whose sales tax allocation is
> affected by this refund have any greater right to
> this information than any other person?

We answer your first question in the affirmative.  Such information is
excepted from required public disclosure under section 3(a)(1) of the
Open Records Act, article 6252-17a, V.T.C.S.  We answer your second
question in the negative.  The act affords the city no greater right
of access than any other requestor.

You inform us that a certain home rule city, which imposes a
sales tax pursuant to article 1066c, V.T.C.S., (Local Sales and Use
Tax Act), has requested from your office certain information regarding
a specific sales tax refund.  After the city was notified that a large
tax refund on a single transaction was being offset against that
city's current sales tax payment, it requested

> any documentation reflecting the name and address of the seller, the total amount of the transaction, as well as any documentation including but not limited to working papers of your office, whereby [was made] the determination that the exemption was valid.

Section 5(a) of article 1066c, V.T.C.S., reposes in the comptroller the duty to perform all functions incident to the administration, collection, enforcement, and operation of the tax. As a result, you are in possession of the information which the city seeks.

Section 6(6), article 6252-17a, V.T.C.S., specifically makes public "the name, place of business, and the name of the city to which local sales and use taxes are credited, if any, for the named person, of persons reporting or paying sales and use taxes under the Limited Sales, Excise, and Use Tax Act." The information requested, however, is much broader in scope. You claim that the requested information is excepted from required public disclosure by section 3(a)(1) of the Open Records Act which excepts "information deemed confidential by law, either Constitutional, statutory, or by judicial decision," specifically, section 151.027 of the Tax Code. We agree.

Section 151.027 of the Tax Code provides the following:

§151.027. Confidentiality of Tax Information

(a) Information in or derived from a record, report, or other instrument required to be furnished under this chapter is confidential and not open to public inspection, except for information set forth in a lien filed under this title or a permit issued under this chapter to a seller and except as provided by Subsection (c) of this section.

(b) Information secured, derived, or obtained during the course of an examination of a taxpayer's books, records, papers, officers, or employees, including the business affairs, operations, profits, losses, and expenditures of the taxpayer, is confidential and not open to public inspection except as provided by Subsection (c) of this section.

(c) This section does not prohibit:

(1) the examination of information, if authorized by the comptroller, by another state officer or law enforcement officer, by a tax official of another state, or by an official of the United States if a reciprocal agreement exists;

(2) the delivery to a taxpayer, or a taxpayer's authorized representative, of a copy of a report or other paper filed by the taxpayer under this chapter;

(3) the publication of statistics classified to prevent the identification of a particular report or items in a particular report;

(4) the use of records, reports, or information secured, derived, or obtained by the attorney general or the comptroller in an action under this chapter against the same taxpayer who furnished the information; or

(5) the delivery to a successor, receiver, executor, administrator, assignee, or guarantor of a taxpayer of information about items included in the measure and amounts of any unpaid tax or amounts of tax, penalties, and interest required to be collected. (Emphasis added).

This office has already declared in an earlier opinion, Attorney General Opinion H-223 (1974), that the predecessors to section 151.027 of the Tax Code, articles 1.031 and 20.11(G) of Title 122A, V.T.C.S., brought the information specified therein within the section 3(a)(1) exception. The opinion concluded that the comptroller is not prohibited from disclosing the fact that an individual has requested a redetermination or claim for refund hearing, but he is prohibited from disclosing facts about that taxpayer's business affairs. The comptroller may disclose his resolution of the issues raised in such administrative hearings, but he must not do so in a manner that will make possible identification of the individual taxpayer involved. In Attorney General Opinion H-661 (1975), this office further concluded that section 151.027's predecessor statute prohibits the comptroller from releasing information as to the amounts of the tax paid by a particular taxpayer, nor may he release the amount of tax in controversy in an administrative hearing prior to making a final determination if doing so would indicate the amount of the taxpayer's gross sales. Accordingly, we answer your first question in the affirmative. With the exception of the information specifically made

public by section 6(6) of the Open Records Act, the information requested of you is excepted from disclosure by section 3(a)(1) of article 6252-17a.

Your second question asks whether a city whose sales tax revenue is affected by a decision of your office has any greater right of access to information regarding that decision than any other requestor. It is suggested that such a city does. It is suggested that you stand in a fiduciary relationship with each city for which you administer a local tax, that you act as agent and that each city stands in the position of a principal. The argument concludes that, since a fiduciary is under a duty of disclosure to that party for whom he acts as fiduciary, any disclosure by you to such city would not constitute a public disclosure of such records. We do not characterize the relationship which exists between you and each city for which you administer such a local tax to be one of principal and agent. We further conclude that neither the Open Records Act nor any other statute confers upon a city for which you administer a local tax any special right of access not enjoyed by any other requestor.

Generally, "agency" is defined as the legal relationship, based upon an express or implied contract of the parties or created by operation of law, by virtue of which one party, the agent, is authorized to act for the other party, who is the principal. See Boyd v. Eikenberry, 122 S.W.2d 1045 (Tex. 1939); Thompson v. Schmitt, 274 S.W. 554 (Tex. 1925). A basic test of agency is the right of the principal to control the actions of his agent. Vahlsing Christina Corp. v. Ryman Well Service, Inc., 512 S.W.2d 803 (Tex. Civ. App. - Corpus Christi 1974, writ ref'd n.r.e.). No agency relationship can be said to exist unless the actions of the alleged agent are within the control of the principal. First National Bank of Mineola v. Farmers and Merchants State Bank of Athens, 417 S.W.2d 317 (Tex. Civ. App. - Tyler 1967, writ ref'd n.r.e.). In this instance, the comptroller cannot be said to be an agent acting under the direction or control of any principal. Indeed, neither the city nor the comptroller can be said to be acting at the control or discretion of the other. See V.T.C.S. art. 1066c; Tax Code ch. 151.

As to any general fiduciary duty owed by the comptroller, such duty would appear to be owed to the state generally rather than to any individual city in particular. Though public officers are for some purposes agents of the public and of the policy that they represent, Kopecky v. Yoakum, 52 S.W.2d 240, judgment adopted (Tex. Comm'n App. 1932); City of Hallettsville v. Long, 32 S.W. 567 (Tex. Civ. App. 1895, no writ), they are agents whose duty and authority are defined and limited by law. Id.; see also Bayha v. Carter, 26 S.W. 137 (Tex. Civ. App. 1894, no writ). An officer must look to that act by which his office is created and its duties are defined in order to ascertain the extent of his powers and the scope and nature of his duties; he

may not transcend the former nor vary the prescribed mode of performance of the latter. Crosthwait v. State, 138 S.W.2d 1060 (Tex. 1940). We find no provision in any relevant statute which places the comptroller in some sort of fiduciary relationship with the cities whose local sales tax he must administer.

Finally, it is suggested that the relationship, by whatever term it is called, which exists between the comptroller and each city for which he administers the local tax confers upon such a city a special right of access under the Open Records Act to the requested information. We disagree. The act itself confers no implied right of access upon any requestor. See Attorney General Opinions MW-381 (1981); MW-95 (1979); Open Records Decision Nos. 330 (1982); 288 (1981). Accordingly, we answer your second question in the negative; the city whose sales tax revenue is directly affected by your decision regarding a refund has no greater right to this information than any other requestor.

Although a long line of Attorney General Opinions and Open Records Decisions have concluded that information may be transferred between governmental agencies which are subject to the Texas Open Records Act without destroying its confidential character, Attorney General Opinions H-917, H-836 (1976); H-242 (1974); M-713 (1970); Open Records Decision Nos. 272 (1981); 183 (1978), this principle has never been applied where a statute makes such information confidential. Section 151.027 of the Tax Code enumerates those entities to which the information may be disclosed; an affected municipality is not included. The express mention or enumeration of one person, thing, consequence, or class is tantamount to an express exclusion of all others. State v. Mauritz-Wells Co., 175 S.W.2d 238 (Tex. 1943); Federal Crude Oil Co. v. Yount-Lee Oil Co., 52 S.W.2d 56 (Tex. 1932). We conclude therefore that you may not transfer this information to such a city in return for a promise of confidentiality.

### S U M M A R Y

Information received by the Comptroller of Public Accounts pursuant to article 1066c, V.T.C.S., (Local Sales and Use Tax Act) and chapter 151 of the Tax Code is excepted from required public disclosure under the Open Records Act by section 3(a)(1) of the act and by section 151.027 of the Tax Code.

A city whose sales tax revenue is affected by a decision made by the comptroller of public accounts regarding a sales tax refund has no greater right of access than does any other requestor under the Open Records Act to

information in the custody of the comptroller concerning that refund.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General